Vincent LILLY, Appellant,

v.

William NORTHREP, Fred Moore, Lloyd Auschberge, Clarence Thomas, & The University of Texas Medical Branch, Galveston, Appellees.

No. 04–02–00302–CV.

Court of Appeals of Texas, San Antonio.

Dec. 4, 2002.

Rehearing Overruled Jan. 14, 2003.

Vincent Lilly, Pro Se.

Deven Desai, Assistant Attorney General, Law Enforcement Defense Division, Austin, for appellees.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: CATHERINE STONE, Justice.

Vincent Lilly, a prison inmate, appeals the trial court's order dismissing his medical malpractice suit filed under the Texas Tort Claims Act. The trial court dismissed Lilly's suit as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code ("the Code"). Lilly presents two issues, one addressing the merits of his cause of action, and another address-

ing his attempted compliance with the procedural requirements of Chapter 14 of the Code. We affirm the trial court's order of dismissal.

■ Prison inmates who file suits in Texas state courts *pro se* and who seek to proceed *in forma pauperis* must comply with numerous procedural requirements set forth in Chapter 14 of the Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.002; 14.004; 14.005; 14.006 (Vernon 2002). A failure to fulfill those procedural requirements will result in dismissal of an inmate's action. *See Bell v. Texas Dep't of Crim. Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) (holding that in absence of adequate affidavits, trial court is entitled to assume suit is substantially similar to previous suits and thus frivolous); *see also Hicks v. Brysch*, 989 F.Supp. 797, 823–24 (W.D.Tex.1997) (holding court clerk need not file inmate's civil suit when inmate failed to file affidavits required by statute). We review a trial court's dismissal of an action pursuant to Chapter 14 under an abuse of discretion standard. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex.App.-Houston [14th] 2000, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.*

Because Lilly brought the underlying lawsuit *pro se* and filed a request to proceed *in forma pauperis*, he was required to fulfill the various procedural requirements set forth in Chapter 14 of the Code.

Claiming Lilly failed to fulfill these procedural requirements, the defendants filed identical motions to dismiss in which they sought dismissal "under authority of Texas Civil Practices [sic] & Remedies Code Section 14.001, *et. seq.*" The defendants listed four specific procedural deficiencies in Lilly's lawsuit: (1) failure to file an affidavit listing all prior *pro se* suits filed by Lilly as required by section 14.004 of the Code; (2) failure to file a certified copy of Lilly's trust account balance as required by section 14.006(f) of the Code; (3) failure to file an affidavit establishing that all administrative remedies had been exhausted as required by section 14.005(a) of the Code; and (4) failure to provide a copy of the administrative grievance decision at issue as required by section 14.005(a)(2) of the Code. The defendants prayed that Lilly's claims be dismissed as frivolous pursuant to Chapter 14.

Following a hearing at which Lilly was present by telephone, the trial court entered an order dismissing with prejudice all of Lilly's claims against all defendants.[1] The court did not list the grounds for dismissal other than to state that the action was dismissed "as frivolous pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code."

Lilly contends on appeal that he complied with all procedural requirements of Chapter 14, including the four specific requirements complained of in defendants' motions to dismiss. Lilly correctly notes that a certified copy of his trust account

---

1. The order of dismissal recites that the trial court heard "Defendants Moore and Thomas' Motion to Dismiss" and makes no mention of the other motions to dismiss filed by the remaining defendants. The order further recites, however, that the action is dismissed with prejudice in its entirety and is "intended to dispose of all claims and parties in this suit and shall constitute a final judgment." Lilly has not presented an issue on appeal challenging the court's inclusion of all parties in the dismissal order. Even if he had presented such a complaint, the trial court is free to dismiss a frivolous claim under Chapter 14 even in the absence of a motion to dismiss. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a) (Vernon 2002) (permitting a trial court to dismiss a frivolous claim before service of process).

status was filed at the time he filed his application to proceed *in forma pauperis.* Lilly admits, however, that at the time he filed suit he did not file: an affidavit listing the required information about prior litigation; an affidavit or unsworn declaration listing required information about prior inmate grievances filed by him; and a copy of the grievance decision at issue. Lilly also acknowledges that this information is required by Chapter 14. Nonetheless, Lilly contends that he complied with these filing requirements by filing all necessary information by December 6, 2001, more than one month prior to the hearing on defendants' motions to dismiss. Since all required information was on file prior to the hearing, Lilly contends the trial court abused its discretion in dismissing his case. We disagree.

■ A trial court has broad discretion under Chapter 14 to dismiss an inmate's suit if it deems the suit frivolous. *Hickman,* 35 S.W.3d at 123. The purpose of Chapter 14's procedural requirements of filing affidavits and listing prior administrative grievance proceedings is to deter "constant, often duplicative, inmate litigation." *Obadele v. Johnson,* 60 S.W.3d 345, 348 (Tex.App.-Houston [14th Dist.] 2001, no pet.). However, the trial court has discretion to dismiss an inmate's suit as frivolous, even if the inmate complies with all procedural filing requirements. To hold otherwise would allow a frivolous suit to continue merely because an inmate was savvy enough to properly file the various affidavits and documents required by sections 14.004, 14.005 and 14.006. This construction of the statute is not in keeping with the statute's general purpose of eliminating frivolous suits by inmates.

■ The purpose of the various filing requirements is merely to assist the trial judge in determining whether the suit is frivolous. *See Clark v. Unit,* 23 S.W.3d

420, 422 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). The trial court has authority independent of these filings to conclude that a suit is frivolous. As set forth in the statute,

> In determining whether a claim is frivolous or malicious, the court may consider whether:
>
> (1) the claim's realistic chance of ultimate success is slight;
>
> (2) the claim has no arguable basis in law or in fact;
>
> (3) it is clear that the party cannot prove facts in support of the claim; or
>
> (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon 2002).

■ In the instant case, the trial court had ample information from which to conclude that Lilly's suit was indeed frivolous. The record reveals that Lilly filed at least seven administrative grievances all relating to his allegation that he was not receiving the proper amount of medication. All of those grievances proceeded to the second level of appeal—Step II Grievance—and two, including the grievance upon which this suit is based, proceeded to the Notice of Claim level. Several of the grievances were returned to Lilly because his complaints of not being seen by medical personnel were remedied—he was seen by either a doctor or a physician's assistant and medication was provided. Accordingly, the trial court did not abuse its discretion in concluding that Lilly's suit is frivolous. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon 2002). Lilly's second issue is overruled.

In light of our disposition of Lilly's second issue, we need not reach his first issue in which he contends the failure to pre-

scribe the proper amount of medication is a use of tangible personal property under the Texas Tort Claims Act.

The order of the trial court is affirmed.