MEMORANDUM OPINION



No. 04-04-00371-CV


Edwin H. WITHERSPOON,

Appellant


v.


Gary JOHNSON, Jackie Gotthard, Brenda Hughes,

 Dorothy Ingram, and Samuel Samora,

Appellees 



From the 38th Judicial District Court, Medina County, Texas

Trial Court No. 04-01-16763-CV

Honorable Mickey R. Pennington, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis Speedlin, Justice


Delivered and Filed: December 8, 2004 


REVERSED AND REMANDED



 Appellant Edwin H. Witherspoon, a Texas state prison inmate, proceeding pro se and in forma
pauperis, filed suit against several Texas Department of Criminal Justice employees ("defendants")
under the First, Eight, and Fourteenth Amendments of the United States Constitution. The
defendants filed an Original Answer along with a Motion to Dismiss claiming Witherspoon's lawsuit
was barred by the statute of limitations contained in Texas Civil Practices and Remedies Code section
14.005(b). The trial court agreed and dismissed Witherspoon's claims. On appeal, in a single issue,
Witherspoon asserts the trial court erred because his claim was timely filed. 

 A trial court's decision to dismiss a lawsuit brought by an inmate is reviewed under an abuse
of discretion standard. Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.--San Antonio 2002, pet.
denied). A trial court abuses its discretion when it acts without reference to any guiding rules or
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Lilly, 100
S.W.3d at 336.

 Witherspoon initially pursued his claim through the prison grievance system. When his claim
was denied and he exhausted all his administrative remedies, he filed suit in district court. Because
he filed an unsworn declaration of inability to pay costs, the procedural requirements of chapter 14
of the Civil Practice and Remedies Code apply. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.002(a)(Vernon 2002). A failure to fulfill the procedural requirements will result in dismissal of
an inmate's claim. See id. § 14.003(a), (b); Lilly, 100 S.W.3d at 336. One of the requirements is
that the inmate file his claim "before the 31st day after the date the inmate received the written
decision from the grievance system." Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b). If a claim
is not timely filed, the court must dismiss the claim. Wallace v. Texas Dep't of Criminal Justice-Inst.
Div., 36 S.W.3d 607, 610-611 (Tex. App.--Houston [1st Dist.] 2000, pet. denied); Tex. Civ. Prac.
& Rem. Code Ann. § 14.005(b). 

 In the motion to dismiss, the defendants argued Witherspoon failed to file his lawsuit before
the thirty-first day after he received the written decision from the grievance system. Witherspoon
contends he received the written decision on December 10, 2003 and, three days later, he handed his
original petition, other required documents, and a postage-paid envelope to the prison's "due access
to court" representative. The petition bears a district clerk file-stamp date of January 27, 2004. On
appeal, Witherspoon asserts the late-filing of his lawsuit is the result of negligence on the part of the
district clerk. 

 The Texas Supreme Court recently considered whether a pro se inmate's civil petition is
deemed filed when it is turned over to prison authorities for mailing or when it is actually received
by the court clerk. Warner v. Glass, 135 S.W.3d 681, 682 (Tex. 2004). The Supreme Court held
that because a party who is incarcerated does not have direct access to either the clerk's office or a
United States mailbox for first-class mail, a pro se inmate's petition that is placed in a properly
addressed and stamped envelope is deemed filed at the time the prison authorities duly receive the
document to be mailed. Id. at 684. Here, the record does not contain a copy of the post-marked
envelope containing Witherspoon's petition. However, the record includes copies of Witherspoon's
informa pauperis documents, all dated either December 12, 2003 or December 13, 2003. The
defendants did not controvert Witherspoon's contention that he tendered his petition to the
appropriate prison authority on December 13, 2003. Because the uncontroverted evidence indicates
Witherspoon's claim was timely received by the proper prison authority, we hold Witherspoon's
claim was timely filed in accordance with section 14.005. Warner, 135 S.W.3d at 684. 

 Accordingly, we sustain Witherspoon's issue on appeal and reverse the trial court's judgment
and remand the cause to the trial court for further proceedings.

 

 Sandee Bryan Marion, Justice