NO.
12-05-00294-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JESSE PAUL SKINNER,    §                      APPEAL
FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

T.D.C.J.–I.D.,

APPELLEE   §                      HOUSTON
COUNTY, TEXAS

                                                                                                                                                            


MEMORANDUM OPINION

            Jesse Paul
Skinner, an inmate in the Texas Department of Criminal Justice–Institutional
Division (TDCJ), proceeding pro se, filed an in forma pauperis suit against
TDCJ.  Skinner appeals the trial court’s
order dismissing his suit pursuant to Section 14.003 of the Texas Civil
Practice and Remedies Code.  Skinner
raises two issues on appeal.  We affirm.

 

Background

            Skinner is an inmate at the Eastham
Unit in Lovelady, Texas.  While
performing work duty as an inmate at TDCJ, Skinner was injured when scaffolding
fell on his head.  Skinner filed a civil
suit against TDCJ, alleging causes of action for personal injury under Section
101.021(2) of the Texas Civil Practice and Remedies Code.  In his suit, Skinner alleged that TDCJ was
negligent in furnishing inadequate, inappropriate, and defective
scaffolding.  Skinner sought “unliquidated
damages” for his injury and physical pain and any other fees or relief to which
he may be entitled. 








            On June 29, 2005, without conducting
a hearing, the trial court found that Skinner’s suit was frivolous or malicious
and dismissed it without prejudice pursuant to Texas Civil Practice and
Remedies Code, Section 14.003.  This
appeal followed.

 

Dismissal Pursuant
to Texas Civil Practice and Remedies Code Chapter 14

            In two issues,
Skinner argues that the trial court’s dismissal was improper.  Specifically, Skinner alleges that the trial
court erred when it “acted without reference to guiding rules or principles as
having no arguable basis in law” and when it dismissed his claim without conducting
a hearing.

Standard of Review

            We review the
trial court’s dismissal of an in forma pauperis suit under an abuse of
discretion standard.  Hickson v.
Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan,
981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.).  The trial courts are given broad discretion
to determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate, (2) the government bears the cost of an in forma
pauperis suit, (3) sanctions are not effective, and (4) the dismissal of
unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants.  See Montana
v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no
writ).  We will affirm a dismissal if it
was proper under any legal theory.  Johnson
v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990).

Applicable Law and Discussion

            Chapter 14 of
the Texas Civil Practice and Remedies Code controls suits brought by an inmate
in which the inmate has filed an affidavit or unsworn declaration of inability
to pay costs.[1]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a)
(Vernon 2002); Hickson, 926 S.W.2d at 398.  Prison inmates who file suits in Texas state
courts pro se and who seek to proceed in forma pauperis
must comply with numerous procedural requirements set forth in Chapter 14 of the Code.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001, 14.004-.006 (Vernon
2002).  A failure to fulfill those
procedural requirements will result in dismissal of an inmate’s action.  See Lilly v. Northrep, 100
S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied).  Because Skinner brought the underlying
lawsuit pro se and filed a request to proceed in forma pauperis, he was
required to fulfill the various procedural requirements set forth in Chapter 14
of the Code.








            Section 14.005
of the Texas Civil Practice and Remedies Code requires that an inmate who files
a claim that is subject to the grievance system established under Section
501.008 of the Texas Government Code file with the court (1) an affidavit or
unsworn declaration stating the date the grievance was filed and the date the
written decision described by Section 501.008(d) was received by the inmate as
well as (2) a copy of the written decision from the grievance system.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(a)(1), (2).  Skinner’s claim is subject to the inmate
grievance system.  See Tex. Gov't Code Ann. § 501.008(a)
(Vernon 2004).  Skinner filed a document
entitled “Plaintiff’s Declaration Relating to Previous Filing.”  There, he stated that he had filed “a
grievance for the claim subject to this suit” and that he had received the
written decision on January 26, 2005.  He
also included a copy of the grievance forms.[2]  He did not, however, state the date that the
grievance was filed as required by Section 14.005(a)(1).  Section 14.005 is clear in its requirement of
both an affidavit and copies of the grievance form.  “[I]t is incumbent on the inmate to provide
the required information before it comes to the trial court for review.  This is especially true because Section
501.008 of the Government Code precludes an inmate from filing a claim until he
has exhausted his remedies through the grievance system.”   See Smith v. Tex. Dep't of
Criminal Justice–Inst’l Div., 33 S.W.3d 338, 341 (Tex. App.– Texarkana
2000, pet. denied); see also Tex.
Gov't Code Ann. § 501.008(d). 
Compliance with Section 14.005 is a prerequisite to judicial review of
inmate claims. See Retzlaff v. Tex. Dep’t of Criminal Justice, 94
S.W.3d 650, 652 (Tex. App.–Houston [14th Dist.] 2002, pet. denied).  Because Skinner failed to comply with the
statutory requirement of Section 14.005, the trial court did not
abuse its discretion in dismissing the suit. 
Lilly, 100 S.W.3d at 336. 
Accordingly, we overrule Skinner’s issues one and two.

 

 

 

Disposition

            Having overruled both of Skinner’s
issues, we affirm the trial court’s dismissal order.

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

 

 

Opinion delivered May 26, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                

 

 

(DO NOT
PUBLISH)











[1] Chapter 14 does not
apply to suits brought under the Family Code. 
Tex. Civ. Prac. & Rem. Code
Ann.  § 14.002(b) (Vernon 2002).





[2]
We note that the copies of grievances Skinner
attached contain dates, but we are unable to discern if these are the dates the
grievances were filed. The grievance documents have such entries as "UGI
Recd Date," "HG Recd Date," and "Date Due," but
contain no explanation of those terms or their significance.