Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00496-CV

David Richard **LUTZ**,
Appellant

v.

Stephen **COLLINS**, Eddie R. Mata, and Reynaldo Castro,
Appellees

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 07-11-18730-CV
Honorable Watt Murrah, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:   February 11, 2009

AFFIRMED

David Richard Lutz is an inmate confined to the custody of the Texas Department of Criminal Justice. He filed suit against Stephen Collins, Eddie Mata, and Reynaldo Castro asserting claims of copyright infringement, retaliation for the filing of grievances, violation of the work-product doctrine, and violations of the Texas Constitution and United States Constitution. The trial court issued an order dismissing Lutz's lawsuit as frivolous and not in compliance with the

requirements of Texas Civil Practice and Remedies Code Chapter 14. Lutz now appeals the dismissal.

## FACTUAL AND PROCEDURAL HISTORY

Lutz is an inmate confined to the custody of the Texas Department of Criminal Justice. Lutz's cell was searched by officers of the Texas Department of Criminal Justice as part of an investigation into the filing of false financial statements by inmates. Several documents were confiscated from Lutz's cell and reviewed by investigators, and certain documents were copied as part of the investigation. Lutz's original documents were then returned to him, along with an itemized list of which documents had been copied by the investigators. Lutz filed suit against appellees in their official capacities for claims of copyright infringement, retaliation for the filing of grievances, violation of the work-product doctrine, and violations of the Texas Constitution and United States Constitution. Lutz sought millions of dollars in general and punitive damages. He also sought an injunction prohibiting appellees from doing business in any form using the names "State," "county," or "city," as well as an injunction ordering them to return or destroy the copies of his papers made as part of the investigation. Finally, Lutz asked the court to order the arrest of any person found to be in violation of Lutz's requested injunction.

Appellees filed a Motion to Dismiss under Chapter 14 of the Texas Civil Practices & Remedies Code (hereinafter "the Code"). A hearing was held, and the trial court issued an order dismissing Lutz's lawsuit as frivolous and not in compliance with the requirements of Chapter 14. This appeal followed.

## STANDARD OF REVIEW

Chapter 14 of the Code "applies only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon 2002). A failure to fulfill the procedural requirements outlined in Chapter 14 results in dismissal of the inmate's action. *See Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio, 2002 pet. denied). We review a trial court's dismissal of an action pursuant to Chapter 14 under an abuse of discretion standard. *Id.* A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.*

## TRIAL COURT'S JURISDICTION OVER THE PARTIES

In his first and fifth issues, Lutz challenges the status of appellees as proper parties before the court at the time his case was dismissed by the trial court. Lutz argues that the court acted without jurisdiction in granting the motion to dismiss, as appellees were each represented by the Attorney General. Lutz also contends the trial court erred in overruling his motion for default judgment against appellees for the same reasons. Lutz bases his argument on his contention that under the Texas Constitution, the Attorney General of the State of Texas is specially charged with enforcement of laws pertaining to private corporations, and as such could not represent the appellees as they are private parties. Therefore, Lutz argues that it was improper for the Attorney General to represent appellees in their individual capacities, and that because the only answer in the record came from the Attorney General, they did not properly answer and therefore Lutz was entitled to default judgments against them.

Sections 104.002 and 104.004 of the Code clearly authorize the Attorney General of the State of Texas to defend public servants in a cause of action arising out of an act by the person in the course and scope of their employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 104.002; 104.004 (Vernon 2002). Section 104 makes no distinction between representing these state employees in their individual and official capacities. *See id.* Accordingly, Lutz's motion for a default judgment against appellees in their individual capacities was properly denied. Lutz's first and fifth issues are overruled.

### SECURED PARTY STATUS

In his second issue, Lutz contends the trial court erred in failing to acknowledge his status as a secured party, or his validly registered security agreement. Lutz asserts that his status as a secured party, and his alleged security agreement filed in the state of Kansas, should have protected his personal documents from scrutiny as they included a security interest perfected in the security agreement, and consequently his due process rights were violated. Under Texas law, a security agreement is one that creates a security interest, which is an interest in personal property or fixtures which secures payment or performance of an obligation. *See* TEX. BUS. & COM. CODE ANN. §§ 1.201; 9.102 (Vernon 2007).

Lutz's arguments concerning the existence of a security interest in his property inside his cell are wholly irrelevant to the search of his cell by prison officials. The Supreme Court has held that even "an unauthorized intentional deprivation of property [of an inmate] by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, the documents were taken from Lutz as part of a valid

investigation, and once copies were made as part of that investigation, all of the documents taken were returned to him. Accordingly, the trial court did not abuse its discretion in dismissing this claim. Lutz's second issue is overruled.

### CHAPTER 14

In his third issue, Lutz challenges the validity of Chapter 14 of the Code, claiming the district court abused its discretion in dismissing his lawsuit under this statute. Lutz contends he was deprived of his right to a common law claim of conversion of his personal private property when he was subjected to the regulations of Chapter 14. As mentioned above, Chapter 14 of the Code "applies only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon 2002). Inmates filing lawsuits *pro se* and *in forma pauperis* must comply with a series of procedural requirements, no matter what cause of action they are asserting; failure to fulfill these requirements results in dismissal of the lawsuit. *See Lilly*, 100 S.W.3d at 336. While Lutz had every right to bring his common law claim of conversion of his personal private property, he was still subject to the procedural requirements of Chapter 14. Consequently, the trial court did not abuse its discretion in applying Chapter 14 to Lutz's lawsuit. His third issue is overruled.

### ARGUABLE BASIS IN LAW

In his fourth issue, Lutz argues the trial court erred in its assessment that there was no arguable basis in law for Lutz's claims. Under Chapter 14, a court may dismiss an inmate claim if it finds the claim to be frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003. A claim is frivolous if it has no basis in law or fact. *See id.* § 14.003(b)(2). "Trial courts are given

broad discretion in determining whether a case should be dismissed because: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Texas Dept. of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (*citing Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.—Tyler [1st Dist.] 1994, no writ)).

Lutz contended in his trial pleading that appellees violated the U.S. Constitution and the Texas Constitution by search and seizure of Lutz's papers by order of the Attorney General of the State of Texas. The Supreme Court has clearly held that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson*, 468 U.S. at 527-28. Lutz nonetheless argues that searches must come under orders from prison officials, not from another agency or authority. *See U.S. v. Cohen*, 796 F.2d 20, 24 (2nd Cir. 1986) (holding a pretrial search of an inmate's cell, initiated by the prosecution and not prison officials, implicated the inmate's expectation of privacy within his cell and could be challenged for violation of the Fourth Amendment).

*Cohen* can be differentiated from the case at bar because Cohen was a pre-trial detainee, while Lutz was a convicted felon and inmate in the custody of the Texas Department of Criminal Justice. *See id.* at 21. While the search of Cohen's cell was in conjunction with the investigation into the crime for which Cohen was awaiting proceedings, Lutz was already serving his prison sentence and the search of his cell was in relation to an entirely different crime. *See id.* Beyond his reliance on *Cohen*, Lutz provides no support for his claim that the U.S. Constitution and the Texas

Constitution were violated by the search and seizure of his papers by order of the Attorney General of the State of Texas. Consequently, we conclude the trial court did not abuse its discretion in dismissing this claim.

Lutz also contended in his trial pleading that the confiscation and copying of his documents constituted a "taking" in violation of several constitutional provisions. However, finding there was no "taking" under these provisions, the trial court did not abuse its discretion in dismissing these claims. As previously mentioned, prison inmates have only a minimal right of privacy, such that when the search of an inmate's belongings results in deprivation of property, there is no constitutional violation if a meaningful postdeprivation remedy for the loss is available. *See Hudson*, 468 U.S. at 527-28, 533. Here, the documents were removed from Lutz's possession as part of a valid investigation into illegal inmate activities, and once copies were made as part of that investigation, all of the documents taken were returned to him. Consequently, there was no taking and the trial court did not abuse its discretion in dismissing these claims.

Finally, Lutz asserts appellees violated the privileges and immunities clause of the United States Constitution, essentially arguing that he was denied certain privileges in retaliation for exercising a constitutional right. Lutz contends that following the seizure of his personal papers, he filed a grievance with the Texas Department of Criminal Justice, and that in retaliation for filing that grievance, appellees instituted a "bogus" disciplinary case against Lutz. However, Lutz's brief provides no substantive analysis to explain or develop his contention that the court abused its discretion when deciding to dismiss this claim. A party asserting error on appeal must put forth some specific argument and analysis showing that the record and the law support his or her contentions. *See* Tex. R. App. P. 38.1(h) (requiring appellant's brief to contain "a clear and concise

argument for the contentions made, with appropriate citations to authorities and to the record"); *see also Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). By inadequately briefing this complaint, we conclude Lutz has waived his right to appellate review of this contention. *See Helm Cos. v. Shady Creek Housing Partners, Ltd.*, No. 01-05-00743-CV, 2007 WL 2130186, *7 (Tex. App.—Houston [1st Dist.] July 26, 2007, pet. denied) (mem. op.) (not designated for publication).

Based on the above, Lutz's fourth issue is overruled.

### CONCLUSION

Lutz failed to prove the trial court abused its discretion in dismissing his claims against Collins, Mata, and Castro. Accordingly, the trial court's judgment is affirmed.

Catherine Stone, Chief Justice