Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00491-CV

Carlos A. L. **VAUGHN**,
Appellant

v.

Bernard J. **GARCIA**, et al.,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 07-01-00004-CVK
Honorable Ron Carr, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed: July 15, 2009

AFFIRMED

Carlos Vaughn is an inmate confined to the custody of the Texas Department of Criminal Justice. He filed suit against Bernard Garcia, Gary Hunter, Hugh Green, and Daniel Tierney asserting claims which included conspiracy, denial of access to courts, and retaliation. Green, Tierney, and Hunter were dismissed with prejudice on July 10, 2007. Garcia was dismissed with

prejudice on June 2, 2008. Vaughn appeals, arguing the trial court erred in dismissing the cause under Chapter 14 of the Texas Civil Practices & Remedies Code (hereinafter "the Code"), and abused its discretion by refusing to hear various motions. We affirm the orders of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Vaughn is an inmate confined to the custody of the Texas Department of Criminal Justice. After exhausting required administrative remedies, Vaughn filed his Original Petition on January 8, 2007, alleging claims including conspiracy, denial of access to courts, and retaliation against Garcia, Hunter, Green, and Tierney. On July 10, 2007, the trial court dismissed Green, Tierney, and Hunter with prejudice, finding Vaughn's petition "frivolous and not in compliance with the requirements set forth in Texas Civil Practices & Remedies Code, Chapter 14 . . . ." The trial court conducted a hearing on June 2, 2008, during which Garcia was also dismissed with prejudice pursuant to the requirements of Chapter 14. This appeal followed.

## STANDARD OF REVIEW

Chapter 14 of the Code "applies only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon 2002). A failure to fulfill the procedural requirements outlined in Chapter 14 results in dismissal of the inmate's action. *See Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). Under Chapter 14, a court may dismiss an inmate claim if it finds the claim to be frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003 (Vernon 2002). A claim is frivolous if it has no basis in law or fact. *See id.* We review a trial court's dismissal of an action

pursuant to Chapter 14 under an abuse of discretion standard. *See Lilly*, 100 S.W.3d at 336. A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.*

## MAILBOX RULE

Vaughn contends the trial court abused its discretion by dismissing his lawsuit under Chapter 14 of the Code, and in refusing to hear various motions he filed with the trial court. Chapter 14 provides the following:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
> > (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
> >
> > (2) a copy of the written decision from the grievance system.
>
> (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002). Vaughn testified in his Affidavit of Exhaustion of Administrative Remedies that he received his written decision from the grievance system on November 27, 2006. Based on this date, his claim was due to the trial court on or before December 28, 2006. Vaughn's claim was stamped as received by the trial court on January 8, 2007.

Vaughn contends he mailed the claim before the deadline and that it was returned to him for insufficient postage. Nevertheless, Vaughn argues that under the mailbox rule, his claim is considered filed as of the moment prison officials received his mailing, citing *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (holding "a *pro se* inmate's claim under section 14.004 of the Inmate Litigation Act is deemed filed at the time the prison authorities duly receive the document to be

mailed"). However, under Rule 5 of the Texas Rules of Civil Procedure, the mailbox rule only applies when a document "is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped . . . ." TEX. R. CIV. P. 5. Consequently, because Vaughn's envelope was not properly stamped when he mailed his initial claim, the mailbox rule does not apply. *Cf. Tenaska Frontier Partners, Ltd. v. Sullivan*, 273 S.W.3d 734, 737 (Tex. App.—Houston [14th dist.] 2008, no pet.) (holding Tax Code provision permitting payment to be sent by "postage prepaid" requires full payment of the postal charges in order for payment to be timely). Due to the untimeliness of this claim, the trial court did not abuse its discretion in dismissing Vaughn's claims under Chapter 14 of the Code and refusing to hear his various motions.

## CONCLUSION

Vaughn failed to prove the trial court abused its discretion in dismissing his claims against Green, Tierney, Hunter, and Garcia. Accordingly, the trial court's orders are affirmed.

Catherine Stone, Chief Justice