NO. 12-08-00468-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JEFFERY BOONE,                                     §                      APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

SHARON DIFFERENT AND

ANGELA DUGGER,

APPELLEES                                                 §                      ANDERSON
COUNTY, TEXAS







MEMORANDUM
OPINION

Jeffery
Boone, an inmate in the Texas Department of Criminal Justice-Institutional
Division (ATDCJ@), proceeding pro se,
filed an in forma pauperis suit against Sharon Different and Angela
Dugger (collectively AAppellees@).  In one issue, Boone
appeals the trial court=s
order dismissing his suit pursuant to Texas Civil Practice and Remedies Code, chapter
14.  We affirm.

 

Background

Boone
is an inmate.  While incarcerated, Boone filed a civil suit against Appellees
alleging that they are liable in tort for their refusal to accept for filing
written grievances by Boone made pursuant to Texas Government Code, section
501.008.  Boone further alleged that, by their discriminatory refusals to
accept his grievances, Appellees violated his First and Fourteenth Amendment
rights under the United States Constitution.  Boone also alleged that Appellees’
refusals violated his rights pursuant to article I, sections 3 and 8 of the
Texas Constitution.  Boone alleged that such violations of his rights caused
him to suffer mental and emotional distress.  By his suit, Boone sought injunctive
relief as well as the recovery of compensatory and punitive damages.  In
conjunction with his original petition, Boone filed an unsworn declaration of
administrative remedies concerning grievances he filed and the date he received
the written decisions concerning such grievances.[1]
      

On
September 5, 2008, without conducting a hearing, the trial court found that Boone=s suit was frivolous or
malicious and dismissed it.  On September 22, 2008, Boone filed a motion to
modify the trial court’s judgment.  This appeal followed.

 

Dismissal Pursuant to Texas Civil Practice and
Remedies Code, Chapter 14

In
his sole issue, Boone argues that the trial court improperly dismissed his suit
pursuant to Texas Civil Practice and Remedies Code, chapter 14.  We review the
trial court's dismissal of an in forma pauperis suit under an abuse of
discretion standard.  Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.–Waco 1996, no writ).  A trial court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston
[1st Dist.] 1998, no pet.).  The trial courts are given broad discretion to
determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal
of unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).  

In
the instant case, the trial court found in its order of dismissal that Boone’s
claim was  frivolous or malicious.  We will affirm a dismissal if it was proper
under any legal theory.  See Johnson v. Lynaugh,
796 S.W.2d 705, 706–07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d
808, 810 (Tex. App.–Waco 1991, writ denied).

Chapter
14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of
inability to pay costs.[2]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  A failure to fulfill the
procedural requirements outlined in chapter 14 results in dismissal of the
inmate's action. See Lilly v. Northrep, 100 S.W.3d 335,
336 (Tex. App.–San Antonio 2002, pet. denied).  Under chapter 14, a court may
dismiss an inmate’s claim if it finds the claim to be frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. §
14.003 (Vernon 2002).  A claim is frivolous if it has no basis in law or fact. See
id.  

Chapter
14 further provides as follows:

 

(a)  An inmate who files a claim that is subject to
the grievance system established under Section 501.008, Government Code, shall
file with the court:

 

(1)    
an affidavit or unsworn
declaration stating the date that the grievance was filed and the date the
written decision described by Section 501.008(d), Government Code, was received
by the inmate; and

 

(2)  a copy of the written decision from the grievance
system.

 

(b)  A court shall dismiss a claim if the inmate fails
to file the claim before the 31st day after the date the inmate receives the
written decision from the grievance system.

 

 

Tex. Civ. Prac. & Rem. Code Ann. §
14.005 (Vernon 2002).  In his unsworn declaration, Boone stated that he filed a
step 1 grievance on September 15, 2007 and received the response to that
grievance on November 1, 2007.  Boone further declared that he filed a step 2
grievance on November 14, 2007 and received the response to that grievance on
December 18, 2007.  The file stamp on Boone’s original petition indicates that it
was filed on February 1, 2008.

            A
pro se inmate’s claim under section 14.004 is deemed filed at the time the
prison authorities duly receive the document to be mailed.  See Warner v.
Glass¸ 135 S.W.3d 681, 684 (Tex. 2004).  We have thoroughly reviewed
the record, and nowhere in it is there any indication when prison authorities
received Boone’s pleadings to be mailed.  Although Boone dated his original
petition beneath his signature, Boone’s original petition contains no reference
to the date on which it was deposited in the TDCJ mail system.  There is no
declaration in any of Boone’s pleadings concerning this critical date.  Boone’s
motion to modify the trial court’s judgment makes no reference to the date on
which his original petition was received by prison authorities for mailing, nor
does Boone make any argument concerning the timeliness of its filing.  Finally,
Boone’s brief on appeal is silent concerning this date; Boone has made no
argument to this court concerning the timeliness of filing his petition.

Section
14.005(b) clearly states that a trial court shall dismiss a claim if the inmate
fails to file it before the thirty-first day after the inmate receives the
written decision from the grievance system.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b).  The
supreme court’s decision in Warner contains a bright line rule
concerning how such a filing date is determined. See Warner,
135 S.W.3d at 684.  Nonetheless, there is no record evidence, allegation, or argument
on which we can rely that supports that Appellant timely filed his suit.  We
decline to hold that the date set forth beneath Appellant’s signature on his
original petition is evidence of when the petition was received by the prison
mail system.  At most, that date indicates when Appellant signed the pleading. 
Moreover, even assuming arguendo that Appellant somehow bypassed the prison
mail system and sent his pleadings to the trial court directly by U.S. mail, his
claim was not timely filed under the “mailbox rule” because it was not received
within ten days of the filing deadline.[3]  See Tex. R. Civ. P. 5.

In
sum, the record contains no indication of the date on which Boone’s petition
was received by the prison mail system.  Boone has made no argument to the
trial court or this court concerning the timeliness of its filing.  Boone’s
petition was file stamped February 1, 2008, which is more than ten days late.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(b); Tex. R. Civ. P. 5. 
Accordingly, we hold that the trial court did not abuse its discretion when it
dismissed Boone's suit.  Id.  Boone=s
sole issue overruled.

 

Disposition

Having
overruled Boone=s sole
issue, we affirm the trial court=s
order dismissing Boone=s
suit.

 

                                                                                                Sam Griffith

                                                                                                       
Justice

 

Opinion delivered January 29, 2010.

Panel consisted of
Worthen, C.J., Griffith, J, and Hoyle, J.

 

 

 

(PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
The grievances listed in Boone’s affidavit are those pertaining to the
allegations he made in the instant suit as opposed to the grievances he alleges
were improperly not accepted for filing by Appellees.

 





[2] Chapter 14 does not apply to suits brought under the
Family Code.  Tex. Civ. Prac. & Rem.
Code Ann. § 14.002(b) (Vernon 2002).





[3]
No postmarked envelope was retained by the trial court from which we could
determine a date of mailing.