*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-12-00194-CV

David-Richard **LUTZ**,
Appellant

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**, Travis Murray, and Hector Gomez,
Appellees

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 09-06-19548-CV
Honorable Bert Richardson, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 14, 2012

AFFIRMED

Appellant David-Richard Lutz, a prison inmate, appeals the trial court's order dismissing

as frivolous his negligence suit.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002).

We affirm the trial court's judgment.

## BACKGROUND

Lutz filed his original petition against appellees Texas Department of Criminal Justice

(TDCJ), Travis Murray, and Hector Gomez, alleging they were grossly negligent and caused him

harm by exposing him to hazardous chemicals. Specifically, Lutz claims Gomez took an unsupervised inmate work crew to clean Lutz's housing building. The crew poured a lime deposit remover on the floor, which allegedly released noxious fumes and caused Lutz to lose his breath and experience a burning sensation on his face and in his nostrils, throat, and lungs.

After filing their original answers, appellees filed a motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code ("the Code"). The trial court granted the motion and dismissed Lutz's claims as frivolous. He timely appealed.

## ANALYSIS

Lutz argues the trial court abused its discretion by dismissing his suit for failure to comply with Chapter 14 and as a matter of law.

### *Standard of Review*

We review a trial court's dismissal of an action pursuant to Chapter 14 under an abuse of discretion standard. *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied) (citing *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th] 2000, no pet.)). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court does not abuse its discretion when it makes its decision on conflicting evidence and some evidence supports its judgment. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *see Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (noting there is no abuse of discretion as long as some evidence of substantive and probative character exists to support trial court's decision).

*Applicable Law*

Chapter 14 of the Code "applies only to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). A prison inmate who files suit in a Texas state court pro se and who seeks to proceed in forma pauperis must comply with numerous procedural requirements set forth in Chapter 14. *Lilly*, 100 S.W.3d at 336; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002–14.006. A failure to fulfill the procedural requirements outlined in Chapter 14 results in dismissal of the inmate's action. *Lilly*, 100 S.W.3d at 336. A court may dismiss an inmate claim under Chapter 14 if it finds the claim to be frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003. A claim is frivolous if it has no basis in law or fact. *Id.*

*Application*

Lutz argues the trial court erred in dismissing his suit for failure to comply with Chapter 14 of the Code, claiming he met all statutory requirements under Chapter 14, including (1) giving an exhaustion statement; (2) attaching administrative grievances; (3) attempting to acquire the names of parties involved; and (4) providing the required affidavit of previous filings. *See id.* §§ 14.002–14.006.

Appellees argue, among other things, that although Lutz filed an affidavit relating to previous filings, he failed to meet the statutory requirement of section 14.004 by failing to list the case name, cause number, and operative facts of the cases listed in the affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(2); *see also Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (noting purpose of section 14.004 is to curb constant, often duplicative, inmate litigation, by requiring inmate to notify trial court of previous litigation and

outcome). A review of the record shows Lutz failed to provide the case names and cause numbers for some of the cases listed and did not include the operative facts for which relief was sought for all of the cases listed. This failure to include the required information permitted the trial court to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *See Bell v. Tex. Dept. of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). Thus, because Lutz failed to fulfill the procedural requirements set out in Chapter 14, we hold the trial court did not abuse its discretion in dismissing his suit. *See Lilly*, 100 S.W.3d at 336.

Lutz also argues the court erred in dismissing his suit as a matter of law. The trial court dismissed Lutz's suit, finding TDCJ was entitled to sovereign immunity. Lutz pleaded the Texas Torts Claims Act ("TTCA"), which provides a limited waiver of sovereign immunity and allows suits against governmental units only in certain narrowly defined circumstances. *See Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). Lutz specifically cites section 101.021 of the Act, and argues his injury was caused by the use of tangible personal property, which he alleges were the hazardous chemicals in the lime deposit remover. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (providing governmental unit in state is liable for personal injury caused by use of tangible personal property). However, section 101.021 refers to damage caused by the operation or use of a motor-driven vehicle or equipment. *See id.* § 101.021(1)(A). Because this provision is inapplicable to the particular facts of the case, we hold the trial court did not abuse its discretion in deciding the TDCJ was entitled to sovereign immunity.

Finally, Lutz argues the trial court should not have dismissed the suit because there was a fact question as to whether Murray and Gomez were grossly negligent. In the trial court, TDCJ

moved to dismiss Gomez and Murray pursuant to section 101.106 of the Code. Section 101.106 states that if a suit is filed against both a governmental unit and any of its employees, the employees shall immediately be dismissed on filing of motion by the governmental unit. *See id.* § 101.106(e). Accordingly, we hold Murray and Gomez were properly dismissed from the suit. *See id.* § 101.106(a) (noting filing of suit against governmental unit constitutes irrevocable election by plaintiff and bars suit or recovery against employee of governmental unit regarding same subject matter.) Although the trial court did not rule specifically on the dismissal of Gomez and Murray, but rather dismissed the entire suit as a matter of law, we hold the trial court did not abuse its discretion in granting TDCJ's motion to dismiss.

## CONCLUSION

Based on the foregoing, we overrule Lutz's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice