In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00507-CV
_____

NORMAN CRITTENDEN, Appellant

V.

JANICE HANSON, CHARLOTTE T. MATTOX, AMANDA LEWIS, NORA
B. HENDERSON, BOBBY M. VINCENT AND GIRIRAJ
RAVICHANDRAN, Appellees

On Appeal from the 88th District Court
Tyler County, Texas
Trial Cause No. 23045

MEMORANDUM OPINION

Norman Crittenden, an inmate confined at a unit of the Texas Department of

Criminal Justice, appeals the trial court's decision to dismiss his health care

liability claims because they are frivolous and because he failed to comply with

Chapter 14 of the Texas Civil Practice and Remedies Code. In three issues,

Crittenden contends the trial court abused its discretion in dismissing his claims on

the basis that he failed to exhaust his administrative remedies through the

1

Department's grievance system. According to Crittenden, the Department has not developed and maintained a grievance system to address the claims that he made against the defendants in his suit. Crittenden argues that because his claims are not subject to the Department's grievance system, he was not required to use the grievance procedures or to exhaust the administrative remedies in that system before filing suit. We affirm the trial court's order.

## Background

Crittenden alleges in his suit that six employees of the University of Texas Medical Branch were deliberately indifferent to his medical needs and had limited his ability to obtain treatment by rescheduling or canceling his appointments. Crittenden's suit requests that the trial court issue a declaratory judgment and grant his request for injunctive relief. Subsequently, the Attorney General filed a report suggesting that Crittenden's case should be dismissed because Crittenden had not met the prerequisites required of inmates whose claims are subject to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002 & Supp. 2014) (establishing requirements that apply to inmates who pursue actions in which the inmate has filed an affidavit or unsworn declaration claiming an inability to pay costs). The trial court dismissed Crittenden's claims, finding that he had failed to comply with the requirements of Chapter 14.

## Standard of Review

We review a trial court's dismissal of an inmate's claims for failing to comply with Chapter 14 under an abuse of discretion standard. *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court has broad discretion to dismiss an inmate's suit if it finds that the claim the inmate asserts is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002); *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). A trial court abuses its broad discretion if it has acted arbitrarily or unreasonably, or if it decided the case without reference to any guiding rules or principles. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). In determining whether a claim is frivolous, the trial court may consider whether the claim has no arguable basis in law or fact. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2) (West 2002). A claim lacks an arguable basis in law if the inmate failed to exhaust his administrative remedies before filing suit. *Retzlaff*, 94 S.W.3d at 653.

## Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmates who file suits without paying costs. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014. Chapter 14 requires an inmate to exhaust his administrative remedies in the prison grievance system, a system the Legislature authorized the Department

3

to establish and maintain in section 501.008 of the Texas Government Code. *See id.* § 14.005(a) (West 2002). The remedies provided by the Department through its system are intended to be exclusive, as section 501.008 states: "A remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department or under contract with the department[.]" Tex. Gov't Code Ann. § 501.008(a) (West 2012). Chapter 14 requires that trial courts ensure that inmates who have chosen to proceed *in forma pauperis* have first used the Department's grievance procedures, and that such inmates have exhausted their administrative remedies before they are allowed to proceed in state court. *See Brewer*, 268 S.W.3d at 769; *Smith v. Tex. Dep't of Crim. Justice-Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied).

Chapter 14 imposes several requirements that must be met before an inmate can pursue a claim in a state court without paying a filing fee. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004 (West Supp. 2014), § 14.005 (West 2002). For example, section 14.005(a) requires that the inmate file an affidavit or unsworn declaration stating the date the inmate filed a grievance and the date he received a written decision from the grievance system on his grievance. *Id.* § 14.005(a)(1). Section 14.005(a) also requires that the inmate file a copy of the

4

written decision through the grievance process with the court. *Id.* § 14.005(a)(2). Where the inmate does not meet these requirements, the inmate has failed to demonstrate that he exhausted his administrative remedies. *See Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009). If the inmate fails to comply with the requirements of section 14.005(a), the trial court must dismiss the inmate's suit. Tex. Civ. Prac. & Rem. Code Ann. § 14.010 (West 2002); *see Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied) (holding that prison inmates who file suit in Texas state courts *pro se* and who seek to proceed *in forma pauperis* must comply with the procedural requirements set forth in Chapter 14 or have their suit dismissed).

Here, the record shows that Crittenden is an inmate housed in a facility operated by the Department, and that he desired to proceed without paying costs, as he filed an affidavit declaring he was unable to pay them. Crittenden's claims, which allege that various employees of the Department did not provide him with proper medical treatment, are claims that fall within the scope of Chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a); *Lilly*, 100 S.W.3d at 335-36 (dismissing inmate's malpractice claim as frivolous pursuant to Chapter 14). In his original petition, Crittenden admits that he did not file a claim with the prison grievance system. Because Crittenden failed, before filing suit, to exhaust his administrative remedies, the trial court was required to dismiss his claims as

5

frivolous because they are without an arguable basis under the law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2); *Retzlaff*, 94 S.W.3d at 653.

We conclude the trial court did not abuse its discretion in dismissing Crittenden's claims. We overrule all three of Crittenden's issues, and we affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered December 11, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.