

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-14-00065-CV

_____

JULIO PEREZ, JR., Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL., Appellees

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 13C1819-005

Before Morriss, C.J., Moseley and Carter*, JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

The lawsuit of Julio Perez, Jr., claims that certain personnel of the Texas Department of Criminal Justice (TDCJ) saw another inmate squirt a concoction of feces and urine on Perez and his property and did nothing to stop the behavior or punish the wrongdoer. The trial court dismissed Perez' lawsuit as untimely filed. We affirm the trial court's dismissal.

Perez stated in his petition that the offending act occurred June 21, 2013. It is uncontested that Perez initially followed the requirements of pursuing his claim by pursuing step-one and step-two of the grievance procedure.[1] After receiving the October 9 step-two ruling, Perez filed this lawsuit. In his pro-se brief, Perez complains that, because his petition was timely filed, the trial court erred by dismissing his suit.

The record supports the trial court's finding that the petition was not filed within the requisite thirty-one-day period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (West 2002). Perez argues, however, that thirty-one days did not elapse between the date the ruling was delivered to him by prison mail and the date his petition was placed in the prison mail.

A trial court's decision to dismiss a lawsuit brought by an inmate is reviewed for an abuse of discretion. *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). We will find an abuse of discretion only when the ruling under review is made without

---

[1]An inmate is required to demonstrate to the court that the grievance procedures have been exhausted by filing a declaration or affidavit indicating the date he filed the grievance and the date he received the written decision. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014); *Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009). The record indicates, and the parties agree, that grievance procedures were properly pursued and exhausted in this case.

any basis in guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

An inmate who files a claim, such as a suit under the Texas Tort Claims Act, that is subject to the grievance system must file both (1) an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate and (2) a copy of the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (West 2002); *Lilly*, 100 S.W.3d at 336; *Wallace v. TDCJ*, 36 S.W.3d 607, 610 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). The court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *Wallace*, 36 S.W.3d at 610–11.[2] A pro se inmate's civil petition is deemed filed when given to prison authorities for mailing. *Warner v. Glass*, 135 S.W.3d 681 (Tex. 2004). No evidence in this record compels the trial court to find that Perez gave his petition to prison authorities before November 25, 2013, the date it was actually mailed to the district clerk to be filed.

In this case, Perez' petition states the date on which he received the order and contains a section that he labels an unsworn declaration restating the relevant dates, but which is of dubious effect.[3] We need not rule on the efficacy of Perez' declaration, however.

---

[2]We also recognize that, because the timetables set out by Chapter 14 are not subject to modification by rule, Rule 5 of the Texas Rules of Civil Procedure does not apply in these cases. TEX. CIV. PRAC. & REM. CODE ANN. § 14.014 (West 2002).

[3]Although Perez cites to the correct section of the Code that authorizes the use of an unsworn declaration, that section also provides language to be used in making an unsworn declaration declaring "under penalty of perjury that the foregoing is true and correct." TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(e) (West Supp. 2014). His unsworn declaration states that such a declaration may be used and contains the perjury language, but only as a

3

Applying the above rules, even assuming that the "unsworn declaration" was sufficient to adequately prove, under penalty of perjury, that Perez received the order October 23, the record supports the trial court's finding that his petition is untimely. The thirty-one-day period expired November 23, 2014. The petition could be considered timely only if the fact-finder were to conclude, based on the record, that the original petition was delivered to prison officials on or before November 23, for the purpose of mailing it to the district clerk.

While contained in his petition is an unsigned paragraph that recites that copies of the petition were provided to the district clerk and the office of the Texas Attorney General by regular mail, we note various defects with that paragraph. First, the paragraph was not signed, unless Perez' signatures on the petition itself or on the unsworn declaration attached to the petition were intended as a signature of the "certificate of service." The paragraph recites that a *copy* of the petition was provided to each of the district clerk and the attorney general, but it never represents that the *original* petition was delivered or provided to the clerk. Also, notably, the paragraph fails to state that Perez delivered the original of the petition to prison officials November 22, for the purpose of their mailing it to the district clerk. Under this record, the trial court was not compelled to reach that conclusion.

Compliance with Rule 21a of the Texas Rules of Civil Procedure is necessary before Rule 21a authorizes the courts to treat as prima facie evidence of service a writing that is claimed to be a certificate of service. *Strobel v. Marlow*, 341 S.W.3d 470, 475–78 (Tex. App.—Dallas 2011, no pet.); *see Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). "As the rule's

---

definition. As written, the declaration does not apply the perjury language to Perez himself. As the declaration is written, Perez swore to nothing. *See Bahm v. State*, 219 S.W.3d 391, 394 (Tex. Crim. App. 2007).

requirements are neither vague nor onerous," extending prima facie evidence status to a non-complying writing is not favored. *Mathis*, 166 S.W.3d at 745. We conclude that Perez' claimed, but defective, certificate of service does not establish prima facie proof that he timely delivered the petition to prison authorities.

The record also contains a copy of the face of the envelope used to transmit Perez' petition to the district clerk; clearly displayed on that envelope just below the postage is the handwritten date November 25, 2013. That is evidence before the trial court, regardless of whether Perez' purported certificate of service sets up prima facie evidence of timely service, that would authorize a finding that the delivery to prison officials and the mailing occurred November 25,[4] making Perez' petition untimely.

Because Section 14.005(b) of the Texas Civil Practice and Remedies Code requires the dismissal of an untimely filed claim, there was no abuse of discretion in the dismissal of the lawsuit.

We affirm the dismissal of Perez' action by the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     January 20, 2015
Date Decided:       February 20, 2015

---

[4]The petition was received for filing November 26, 2013.

5