Mario MARTINEZ, Appellant,

v.

Richard THALER, Anthony J. Collins, Tina M. Carmona, et al., Appellees.

No. 14–95–00875–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 26, 1996.

Rehearing Overruled Oct. 17, 1996.

Mario C. Martinez, pro se.

Don Morales, Austin, for appellees.

YATES, HUDSON and FOWLER, JJ.

## OPINION

PER CURIAM.

Appellant appeals the dismissal of his pro se *in forma pauperis* action on the grounds that (1) the district court abused its discretion in dismissing his application for writ of mandamus because the court had a legal obligation to protect him, and (2) appellees transferred him to another prison as retaliation for his legal activities. We affirm.

█ Appellant, a prisoner at the Texas Department of Criminal Justice—Institutional Division, claimed to have physical disabilities that prevented him from performing his assigned work tasks. Appellant received disciplinary reports because of his refusal to work. Appellant requested that appellees place him in administrative segregation, but appellees refused. After appellant exhausted all of his administrative remedies, he filed an

---

application for writ of mandamus in the trial court requesting that the trial court order appellees to place him in administrative segregation and to give him protective custody status. Appellant was transferred to another prison facility after the application was filed. On June 2, 1995, the trial court dismissed appellant's cause of action, without a hearing, and cited TEX. CIV. PRAC. & REM.CODE ANN. § ·13.001(b)(2), which states that the claim had no arguable basis in law or in fact and was frivolous. Appellant perfected this appeal.

Trial courts have broad discretion in dismissing *in forma pauperis* actions they find to be frivolous. *Thomas v. Texas Dept. of Criminal Justice, Institut. Div.*, 848 S.W.2d 797, 798 (Tex.App.—Houston [14th Dist.] 1993, writ denied). An abuse of discretion occurs if the trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Id.* Both state and federal courts have approved dismissal of lawsuits filed *in forma pauperis* when those suits have no basis in law or fact. *See, e.g., Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1989); *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990).

A district court has mandamus jurisdiction only to enforce its own jurisdiction. TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.011 (Vernon 1988). A district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials. Furthermore, the purpose of appellant's petition for writ of mandamus in the district court was not to protect the district court's jurisdiction. *See Winfrey v. Chandler*, 159 TEX. 220, 318 S.W.2d 59 (1958)(a court must have actual jurisdiction of a matter if it seeks to enforce its jurisdiction by its writ power).

Because the district court had no jurisdiction to issue a writ of mandamus, it appropriately dismissed appellant's petition for writ of mandamus.

We affirm the trial court's ruling and deny appellant's pending motion in this court for "summary judgment."