Cheyenne Pate v. Clarence Mosley















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-122-CV

     CHEYENNE PATE,
                                                                         Appellant
     v.

     CLARENCE MOSLEY,
                                                                         Appellee
 

From the 58th District Court
Jefferson County, Texas
Trial Court # A-164269
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This appeal involves a pro se in forma pauperis suit that was dismissed under chapter fourteen
of the Texas Civil Practice and Remedies Code. We affirm the district court’s judgment.
      The Texas Department of Criminal Justice, Institutional Division, brought a disciplinary
action against inmate Cheyenne Pate. Pate filed a grievance regarding the action and received a
final written decision on this matter as provided for in Texas Government Code section 501.008. 
Tex. Gov’t Code Ann. § 501.008 (Vernon 1998). This decision is dated August 9, 2000. On
December 5, 2000, 118 days after receiving the final written decision, Pate filed a petition
requesting mandamus relief in the district court, along with an “affidavit or unsworn declaration
of inability to pay costs.” In the petition, Pate asked the district court to order prison officials to
expunge the disciplinary action from his prison record. After a hearing, the district court
dismissed the case, and Pate filed this appeal.
      Chapter fourteen of the TCPRC applies to in forma pauperis suits brought by inmates. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon Supp. 2002). This Court has held that
the proper review of a dismissal under chapter fourteen is controlled by an abuse of discretion
standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). This
standard requires that we determine whether the district court acted without reference to any
guiding rule or principle. Id.
      Section 14.005 of the TCPRC provides that “a court shall dismiss a claim if the inmate fails
to file the claim before the 31st day after the date the inmate receives the written decision from
the grievance system.” Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon Supp. 2002). 
Pate filed his suit almost four months after receiving the written decision on his grievance. Pate
argues that because his suit was in the form of a petition for a writ of mandamus this statutory time
limitation should not apply. We disagree. As we noted in In re Taylor, because chapter fourteen
is limited to proceedings filed in a “district, county, justice of the peace, or small claims court,”
it does not apply to a mandamus petition filed in a court of appeals. 28 S.W.3d 240, 247 (Tex.
App.—Waco 2000, orig. proceeding). Conversely, because the mandamus petition in this case
was filed in the district court, it must comply with the requirements set forth in chapter fourteen. 
Therefore, Pate is untimely in his filing.
      Further, under Texas Government Code section 24.011, a district court has mandamus
jurisdiction only to enforce its own jurisdiction. Tex. Gov’t Code Ann. § 24.011 (Vernon 1988);
see Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied);
see also Tex. Const. art. V, § 8. No statutory authority confers jurisdiction upon the district
courts to exercise supervisory control over prison officials. See Martinez, 931 S.W.2d at 46. Pate
sought a writ of mandamus to force prison officials to expunge a disciplinary infraction from his
prison record. We agree with the State’s argument that this request is not related to the district
court’s need to enforce its own jurisdiction and therefore has no arguable basis in law. The
dismissal of this suit is proper under section 14.003 of the TCPRC. Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(b)(2) (Vernon Supp. 2002).
      Because Pate filed his suit more than 31 days after receiving the final written decision on his
grievance and because the district court has no mandamus jurisdiction to exercise supervisory
control over prison officials, we conclude the district court did not abuse its discretion in
dismissing the suit. We affirm the judgment.

                                                                         REX D. DAVIS
                                                                         Chief Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 2, 2002
Do not publish
[CV06]