

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-072-CV

MICHAEL DWYER MCCULLOUGH                    APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL               APPELLEES
JUSTICE-ID, ALAN N. FORNER,
DANNY HORTON, DELORES THORTON,
TINA CARROLL, ALPHONOSO JAMES,
AND DAVID LAMBERT

------------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Michael Dwyer McCullough, an inmate proceeding pro se and

in forma pauperis, challenges the trial court's order dismissing with prejudice

his lawsuit against Appellees Alan N. Forner, Danny Horton, Delores Thorton,

---

[1]*See* TEX. R. APP. P. 47.4.

Tina Carroll, Alphonoso James, and David Lambert.  McCullough raises ten points arguing that the trial court improperly dismissed his suit with prejudice under chapter 14 of the Texas Civil Practice and Remedies Code without allowing him to amend his petition.[2]  Because we hold that McCullough's failure to file his lawsuit by the statutory deadline could not have been remedied by amended pleadings, we will affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In April 2004, prison officials ordered McCullough to remove his personal property from his prison cell so that they could place it in storage while he was in isolation.  After McCullough was released from isolation, prison officials returned most of McCullough's personal property to him, but McCullough claims that his wedding band and his eyeglasses were not returned.  McCullough

---

[2]Specifically, McCullough argues that (1) the trial court erred by dismissing his claim because he properly filed his grievances and exhausted his administrative remedies; (2) the trial court erred by dismissing his claim before Appellees had answered his interrogatories, which would have shown that he had properly filed his grievances; (3) - (5) the trial court erred by dismissing his claim with prejudice before allowing him to amend his petition; (6) the trial court erred by dismissing his claim because he met the six-month deadline; (7) the trial court erred by dismissing his claim because material issues of genuine fact existed; (8) the trial court erred by dismissing his claim because he was denied a jury trial; (9) Appellees incorrectly stated that no relief is possible because the State can either give him back his property or compensate him financially for the loss of his property; and (10) the trial court erred by refusing to reinstate his claim after he presented "reliable material" to oppose the dismissal.

2

continuously inquired of prison officials about the location of these items and when they would be returned.

When the prison officials failed to return McCullough's wedding band and his eyeglasses, he pursued administrative remedies by filing grievances on June 2 and June 7, 2004, which were returned to him unprocessed because the issue had "already [been] grieved";[3] by a June 18, 2004 grievance that became final on August 6, 2004; and a July 17, 2004[4] grievance, to which McCullough claims he did not receive a response.

On January 25, 2005, McCullough filed suit against Appellees—corrections officers—in their individual capacities, contending that they had refused to return his wedding ring and eyeglasses. McCullough alleged that Appellees had caused him "emotional stress, mental anguish, due process violations, and deprivation of personal property, and personal injury." McCullough attached an affidavit listing dates of the grievances that he had

---

[3]McCullough does not explain this notation. However, the record reveals numerous "Inmate Request To Official" forms that had been completed by McCullough, complaining about this missing personal property.

[4]These dates were taken from the pleadings filed by McCullough in the trial court. For the first time on appeal, McCullough claims that he filed the July 17 grievance on July 19, 2004, and that he filed the Step II grievance on August 17, 2004. This evidence was not before the trial court, so we will not consider it on appeal.

3

filed, but he did not attach copies of the grievances.[5]  McCullough also filed an affidavit listing previous suits that he had filed and an "Application to Proceed Informa Pauperis," in which he requested to proceed without being required to prepay fees or costs or to give security.

Appellees moved to dismiss McCullough's lawsuit, arguing that he had failed to fulfill the procedural requirements of chapter 14 of the Texas Civil Practice and Remedies Code, which applies to lawsuits brought by inmates in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002). Appellees asserted that McCullough did not satisfy chapter 14's requirements (1) because he did not file an affidavit identifying *each* of his previous court filings, specifically pointing out that he had failed to list a suit that he had filed in federal court that was dismissed as frivolous, and (2) because he did not file an affidavit or unsworn declaration stating the date that the specific grievance at issue—concerning the alleged failure to return his wedding band and eyeglasses—was filed and the date that a written decision on this grievance was received by him and did not provide a copy of the written decision from

_____

[5]McCullough later amended his petition and attached copies of some of the grievances that he had filed, but he never attached a copy of the July 17, 2004 grievance that is at issue here.  In his appellate brief, he states that he has now obtained a copy of that grievance, but it is still not before us.

the administrative grievance system.  Appellees also argued that dismissal was warranted because McCullough did not timely file his lawsuit because he failed to file it by the thirty-first day after he had received the written decision from the administrative grievance system.  Finally, Appellees argued that McCullough's claims were frivolous or malicious because intentional torts are excluded from the Texas Tort Claims Act, depriving an inmate of property is not a constitutional violation when an adequate post deprivation remedy exists, and a violation of a TDCJ policy does not by itself give rise to a cause of action in a court of law.

The trial court examined and considered the pleadings and dismissed McCullough's case with prejudice, finding that his petition was frivolous and did not comply with the requirements of chapter 14 of the Texas Civil Practice and Remedies Code.  This appeal followed.[6]

### III.  DISMISSAL PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

#### A.  Purpose of Chapter 14

Inmate litigation (except suits brought under the family code) in which an inmate files an affidavit or unsworn declaration of inability to pay costs is

---

[6]McCullough has filed a pro se brief in this court.  We liberally construe his arguments and attempt to address the legal and factual arguments he makes.

governed by special procedural rules set out in chapter 14 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002); *Bishop v. Lawson,* 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight,* 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied), *cert. denied,* 537 U.S. 890 (2002). Chapter 14 applies "only to a suit brought by an inmate in district court, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a); *Bishop,* 131 S.W.3d at 574. The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop,* 131 S.W.3d at 574; *Knight,* 52 S.W.3d 294. The purpose of chapter 14 is not to punish inmates for filing claims but to aid the court in determining whether an inmate's claim is frivolous. *Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 941 (Tex. App.—Fort Worth 1997, pet. denied).

## B. Dismissal Under Chapter 14

A trial court may dismiss a suit filed under chapter 14 if it finds that (1) the allegation of poverty in the affidavit or unsworn declaration is false, (2) the claim is frivolous or malicious, (3) the inmate filed an affidavit or unsworn

6

declaration required by this chapter that the inmate knew was false, or (4) the inmate failed to comply with procedural requirements of chapter 14. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003(a), 14.005(b); *Amir-Sharif v. Mason*, No. 05-06-01089-CV, 2008 WL 171219, at *2 (Tex. App.—Dallas Jan. 22, 2008, no pet. h.). A trial court has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b); *Knight,* 52 S.W.3d at 294.

Additionally, "[a] court shall dismiss a claim if [(1)] the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system," TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b), or (2) if the inmate has not received such a written decision and fails to file the claim by the 180th day after the date the grievance was filed. *See* TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 2004). A suit that is not timely filed pursuant to section 14.005(b) may be dismissed with prejudice. *See Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.– Houston [1st Dist.] 2002, no pet.).

## C. Procedural Requirements

Chapter 14 requires the inmate to file an affidavit or unsworn declaration stating the date that the prison grievance underlying the lawsuit was filed, along with a copy of the written decision from the administrative grievance

system.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a).  The inmate must file his lawsuit within thirty-one days after the date he receives the written decision from TDCJ's grievance system, or if the inmate has not received such a written decision, then by the 180th day after the date the grievance was filed.  *See id.* § 14.005(a)(1), (b); TEX. GOV'T CODE ANN. § 501.008(d).  Section 14.004 imposes other requirements, including the requirement that the inmate must file an affidavit describing his previous lawsuits, and this affidavit must be accompanied by a certified copy of the inmate's trust account statement.[7] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004.  Inmates are held to the same standard as licensed counsel under this statute regarding procedural requirements because otherwise they would be given an unfair advantage over those represented by counsel.  *See Stewart v. Tex. Dep't of Criminal Justice–Inst. Div.*, No. 14-01-00848-CV, 2002 WL 31008315, at *2 (Tex. App.—Houston [14th Dist.] Sept. 5, 2002, no pet.) (not designated for publication).

## D.    Standard of Review

We review a trial court's dismissal of an inmate's claim under chapter 14 under an abuse of discretion standard.  *Bishop,* 131 S.W.3d at 574.  A court

---

[7]Appellees agree that McCullough complied with the requirement to provide a certified copy of his trust account statement.

8

abuses its discretion if it acts arbitrarily, capriciously, and without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied,* 476 U.S. 1159 (1986); *Bishop,* 131 S.W.3d at 574; *Martinez v. Thaler,* 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

**E.     Dismissal of McCullough's Claim Was Not an Abuse of Discretion**

Because McCullough filed an application to proceed in forma pauperis, he was required to comply with all of the procedural requirements of chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (providing that this chapter applies to a suit brought by an inmate in a district court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate). Although section 14.005(a) requires that a copy of the written decision from the administrative grievance system be attached to the inmate's affidavit or unsworn declaration, McCullough did not file a copy of the July 17, 2004 grievance at issue or the administrative grievance system's written decision because he said that he did not receive a response to that particular grievance. Thus, McCullough did not comply with the procedural requirements of chapter 14.

The record before us, however, in the absence of a copy of the administrative grievance system's decision of the grievance at issue, shows

that McCullough did not meet either the thirty-one-day or the 180-day deadline for filing suit. *See id.* § 14.005(a)(1), (b); TEX. GOV'T CODE ANN. § 501.008(d).

In McCullough's pleadings he stated that his initial grievances—filed June 2 and June 7, 2004—were returned unprocessed because the issue he raised in them had already been grieved. McCullough does not specify when those prior grievances were returned to him. McCullough also alleges that the grievance he filed on June 18, 2004, "became final" on August 6, 2004. But McCullough does not specify in his pleadings when he received any written decision from the grievance system concerning the June 18, 2004 grievance, nor does he argue that he failed to receive the written decision in a timely manner. Assuming that McCullough received the written decision on the June 18, 2004 grievance decision in a timely manner—i.e., at any time prior to December 24, 2004—he filed his petition on January 25, 2005, more than thirty-one days after he received that grievance decision. However, McCullough does not appear to make any of these grievances the basis of his suit. Instead, he focuses on the July 17, 2004 grievance, and he alleges that he did not receive a written decision concerning this grievance.

Because McCullough did not receive a written decision from the highest authority provided for in the administrative grievance system, he was required to file suit within 180 days of July 17, 2004—the date, according to his

10

pleadings, that his grievance was filed. However, 180 days from July 17, 2004, is January 13, 2005, and McCullough's petition was not filed until January 25, 2005.[8] Because McCullough waited more than 180 days to file suit, he did not meet the filing deadline on this grievance either. Consequently, the trial court did not abuse its discretion by finding that McCullough did not timely file suit[9] and by dismissing McCullough's suit under chapter 14 of the Texas Civil Practice and Remedies Code. *See Williams v. Mooneyham*, No. 02-06-00348-CV, 2008 WL 281525, at *3 (Tex. App.—Fort Worth Jan. 31, 2008, no pet. h.) (mem. op. on reh'g) (holding that trial court did not abuse its discretion by dismissing suit under chapter 14 because appellant filed suit more than 180 days after the date his grievance was filed); *Horrice v. Fondren*, No. 02-05-00063-CV, 2006 WL 416973, at *2 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op.) (holding that because the record contained no evidence that appellant's petition was timely received by the proper authority within thirty-one days of the date of his grievance decision, the trial court did

---

[8]We note that McCullough signed his petition on January 13, 2005. There is no evidence in the record before us, and indeed McCullough does not argue, that the mailbox rule applies here.

[9]The trial court stated in its finding of fact number 5: "McCullough did not comply with Section 14.005(b)," which sets forth the deadline for filing suit.

11

not abuse its discretion by dismissing his claims with prejudice); *Lucas v. Johnson*, No. 02-02-00447-CV, 2003 WL 21983259, at *1 (Tex. App.—Fort Worth Aug. 21, 2003, no pet.) (mem. op.) (holding that appellant's suit was not timely filed under section 14.005(b) and was properly dismissed by the trial court).  We therefore overrule McCullough's first, second, fourth, sixth, eighth, and tenth points.

## IV.  Dismissal With Prejudice

In his third and fifth points, McCullough complains that the trial court erred by dismissing his suit with prejudice.  Specifically, he argues that his suit should have been dismissed without prejudice because a remedy exists to correct the deficiencies in his pleadings.

A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided.  *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999).  Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties.  *See Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630-31 (Tex. 1992).  When reviewing whether the trial court abused its discretion by dismissing with prejudice, this court should consider whether the prisoner's error could be remedied with more specific pleading; if so, a dismissal with prejudice is improper.  *See Thomas*, 52 S.W.3d at 294.

12

Here, McCullough did not act until 192 days after filing his grievance. Thus, his suit is time barred, and he cannot remedy this late filing. *See Moreland*, 95 S.W.3d at 395 ("A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice."); *see also Jon v. Tuatagola*, No. 06-05-00116-CV, 2006 WL 237519, at *2 (Tex. App.—Texarkana Feb. 2, 2006, no pet.) (mem. op.) (holding that plaintiff's failure to comply with chapter 14's filing deadline presented a time bar that could not be remedied). Accordingly, we hold that the trial court did not abuse its discretion by dismissing McCullough's time-barred claims with prejudice. We overrule McCullough's third and fifth points.[10]

## V. CONCLUSION

Having held that the trial court did not abuse its discretion by dismissing McCullough's claims with prejudice, we affirm the trial court's dismissal order.

SUE WALKER
JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: March 13, 2008

---

[10]Because we have held that the trial court properly dismissed McCullough's suit with prejudice based on procedural defects, we need not reach his remaining points, which all concern the actual merits of the suit. *See* TEX. R. APP. P. 47.1.

13