Affirmed and Memorandum Opinion filed March 18, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00064-CV

___________________

 

Rodney Steve Haines, Appellant

 

V.

 

Mary K. Sheeley, Correctional Warden,
Appellee



 



 

On
Appeal from the 87th District Court

Freestone County,
Texas



Trial Court Cause No. 08-416B

 



 

 

MEMORANDUM  OPINION

            Appellant Rodney Steve Haines, appeals the dismissal
of his suit under Chapter 14 of the Texas Civil Practice and Remedies Code. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002). In one
issue, he asserts that the trial court abused its discretion in dismissing his
suit. We affirm.

            According
to his petition, Haines was assaulted by Freddy Vargas, another inmate at the
Boyd Unit of the Texas Department of Criminal Justice in Freestone County.
Haines was transported for treatment of his injuries to the East Texas Medical
Center at Fairfield. After an administrative investigation, Vargas received
disciplinary action. Haines asserts that he wanted to file criminal charges
against Vargas. He claims that prison officials informed him that charges would
be filed, but they were not. Haines initiated an inmate grievance, but was
unsuccessful in obtaining relief. Haines contacted the Freestone County
Sheriff’s office and requested that charges be filed against Vargas. He also
contacted the Office of the Inspector General, the Texas Attorney General’s
office, the Freestone County Attorney, and the Freestone County Clerk in an
effort to have charges filed. After receiving no assistance from these agencies
and exhausting the inmate grievance process, Haines filed this suit against
Mary K. Sheeley, the Senior Warden of the Boyd Unit, seeking an “Alternative
Writ” ordering her to submit the necessary information to the appropriate Freestone
County officials to initiate a criminal prosecution against Vargas.

            On
November 14, 2008, the trial court signed a dismissal order. Haines filed a
timely notice of appeal. On appeal, Haines claims that the trial court abused
its discretion in dismissing his suit, thereby denying his First Amendment
right to petition the court for redress of grievances and his right to due
course of law.

            Chapter 14 of the Texas Civil Practice and
Remedies Code governs inmate litigation. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 14.001-.014 (Vernon 2002). We review a
trial court’s Chapter 14 dismissal of an inmate’s claims under an abuse of discretion
standard. Retzlaff v. Tex. Dep’t of Crim. Justice, 94 S.W.3d 650, 654
(Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court has broad
discretion to dismiss an inmate’s suit if it finds that the claim asserted is
frivolous or malicious. Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App —Houston [14th
Dist.] 1996, writ denied). A trial court abuses this broad discretion if it
acts arbitrarily, capriciously, or without reference to any guiding rules or
principles. Id. A trial court may dismiss a claim before or after
service of process if the court finds that the claim is frivolous or malicious.
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)(Vernon 2002). 

            Chapter
14 sets forth procedural requirements that an inmate must satisfy when filing a
suit pro se and seeking to proceed in forma pauperis.[1] Tex. Civ. Prac.
& Rem.Code Ann. §§ 14.002, 14.004-.006 (Vernon 2002); see also Lilly v.
Northrep, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). Failure
to comply with these requirements will result in dismissal of an inmate’s suit.
Bell v. Tex. Dep’t of Crim. Justice-Inst. Div., 962 S.W.2d 156, 158
(Tex. App.—Houston [14th Dist.] 1998, pet. denied).

One of the chapter’s
requirements is that an inmate must file a separate affidavit or declaration
describing each suit that the inmate has previously filed pro se. Tex.
Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002). The affidavit or
declaration must (a) describe the operative facts for which relief was sought;
(b) list the case name, cause number, and the court in which the suit was
brought; (c) identify each party named in the suit; and (d) state the result of
the suit, including whether the suit was dismissed as frivolous or malicious. Id.
§ 14.004(a)(2). These requirements were enacted to allow the trial court to
determine whether an inmate’s present claim is similar to a previously-filed
claim. See Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex. App.—Houston
[1st Dist.] 2000, pet. denied) (stating that “[t]he purpose of section 14.004
is to curb the constant, often duplicative, inmate litigation, by requiring the
inmate to notify the trial court of previous litigation and the outcome).

The petition in this
case is not accompanied by the required affidavit or declaration describing any
prior suits that Haines filed. The burden to provide such information rests on
the pro se litigant. See, e.g., Clark, 23 S.W.3d at 42 (refusing
to hold that trial court must sift through numerous documents to find
information required by section 14.004). Dismissal of the suit is warranted
when Chapter 14’s procedure requirements have not been met. See Bell,
962 S.W.2d at 158.

Based on this record, we
cannot say the trial court abused its discretion in dismissing Haines’s suit.
We overrule Haines’s sole issue and affirm the trial court’s judgment.

 

                                                                        PER
CURIAM

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

 









[1] While we find no pauper’s
affidavit in our record, Haines’s petition states that he complied with certain
of Chapter 14’s requirements, the dismissal order states that the trial court
considered Chapter 14 in dismissing the suit, and Haines has not contested the
applicability of Chapter 14. Therefore, we will review the dismissal under
Chapter 14. See Summers v. State Dept. of Crim. Justice, 256 S.W.3d 752,
755 (Tex. App.—Beaumont 2008, no pet.).