Affirmed and Memorandum Opinion filed January 27, 2011.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00674-CV



 

Jerry Donell Fuqua, Appellant

V.

Christopher T. Huestis,
Brandy L. Mosley, Scott A. Stringer and Timothy Lester, Appellees

 



On Appeal from the 411th
District Court

Polk County, Texas

Trial Court Cause No. CIV25552



 

MEMORANDUM  OPINION

 

Appellant Jerry Donell Fuqua appeals the dismissal of
his suit under Chapter 14 of the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014.  In two issues appellant
argues the trial court erred in (1) dismissing his suit as frivolous, and (2)
determining that his affidavit of previous filings under chapter 14 was
deficient.  We affirm.

Factual and
Procedural Background

Appellant is an inmate in the Institutional Division
of the Texas Department of Criminal Justice (TDCJ).  On December 21, 2009, he
filed a pro se, in forma pauperis suit against several TDCJ employees
challenging a disciplinary action rendered against him for fighting.  On
January 7, 2010, the trial court dismissed the suit for failure to comply with
Chapter 14 of the Texas Civil Practice and Remedies Code.  Appellant filed a
motion to reconsider in which he alleged that he did not previously have access
to certain documents.  The trial court reinstated the suit and held a hearing
pursuant to the attorney general’s motion to dismiss.  After the hearing, the
trial court dismissed appellant’s suit on January 22, 2010, for failure to
comply with Chapter 14.

Issues and
Analysis

Compliance with section 14.003 of the Civil Practice
and Remedies Code is a prerequisite to judicial review of inmate claims.  A
reviewing court evaluates a trial court’s dismissal of an inmate’s claims under
this statute using an abuse-of-discretion standard.  Retzlaff v. Tex. Dep’t
of Criminal Justice, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.]
2002, pet. denied).  A trial court has broad discretion to dismiss an inmate’s
suit if it finds that the claim asserted is frivolous or malicious, or that the
petition should otherwise be dismissed pursuant to section 14.003. .
 See Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th
Dist.] 1996, writ denied).  

Section 14.003 provides that a trial court may
dismiss a claim before or after service of process if the court finds any of
the following (1) that the allegation of poverty in the affidavit or unsworn
declaration is false; (2) that the claim is frivolous or malicious; or (3) that
the inmate filed an affidavit or unsworn declaration that the inmate knew was
false.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003.  In determining whether
a suit is frivolous or malicious, the court may consider, among other things, whether
the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.  See id. §
14.003(b)(4).  To enable the trial court to determine whether a claim arises
from the same operative facts as a previous claim, the legislature enacted
section 14.004.  Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.—Houston
[14th Dist.] 2000, no pet.); see Tex. Civ. Prac. & Rem. Code Ann. §
14.004.

Section 14.004, entitled “Affidavit Relating to
Previous Filings,” requires an inmate who files an affidavit or unsworn
declaration of inability to pay costs to file a separate affidavit or
declaration setting out the following information:

(1) identifying each suit, other than a suit under the
Family Code, previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an inmate
at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was
sought;

(B) listing the case name, cause number, and the court in
which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the
suit was dismissed as frivolous or malicious under Section 13.001 or Section
14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code
Ann. § 14.004(a).

The record reflects that appellant filed an affidavit
of previous filings, but omitted the reasons for his dismissal or operative
facts of those cases.  Moreover, appellant omitted a previous suit filed in
federal court styled Fuqua v. Pierson.  The case was filed in the
Northern District of Texas in 1998 and was dismissed because appellant has been
identified as a “serial filer” in federal court and added to the federal
“three-strikes list.”  At the hearing, appellant participated via telephone and
admitted that he omitted Fuqua v. Pierson from his affidavit of previous
filings.

When, as in this case, an inmate files an affidavit
or declaration that fails to comply with the requirements of section 14.004,
the trial court is entitled to presume that the suit is substantially similar
to one previously filed by the inmate, and therefore, frivolous.  Bell v.
Tex. Dep’t of Criminal Justice–Inst. Div., 962 S.W.2d 156, 158 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied).  Accordingly, a trial court may
dismiss an indigent inmate’s suit as frivolous or malicious when an inmate
fails to comply with the statutory requirements of section 14.004.  See
Gowan v. Tex. Dep’t of Criminal Justice, 99 S.W.3d 319, 321 (Tex. App.—Texarkana
2003, no pet.).

Conclusion

The trial court did not abuse its discretion in
dismissing appellant’s suit because he clearly failed to comply with the
requirements of section 14.004.  Accordingly, we overrule appellant’s issues
and affirm the trial court’s judgment.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice
Hedges, and Justices Anderson and Jamison.