Affirmed and Memorandum Opinion filed June 23, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-01102-CV

___________________

 

JOHNNY RICHARDSON,
Appellant

 

V.

 

TEXAS DEPARTMENT
OF CRIMINAL JUSTICE and 

IFEDMA U.
ONYEMACHI, Appellees



 



 

On
Appeal from the 412th District Court

Brazoria County,
Texas



Trial Court Cause No. 60216

 



 

 

MEMORANDUM  OPINION

            Appellant
Johnny Richardson appeals the dismissal of his suit under Chapter 14 of the
Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code
§§ 14.001-.014.  We affirm.

            Richardson, an
inmate confined at the Texas Department of Criminal Justice (TDCJ), filed suit pro
se and in forma pauperis, seeking compensation for the loss of a
pair of gloves confiscated by correctional officer Onyemachi.  The trial court
dismissed his suit as frivolous, and Richardson filed a timely notice of
appeal.  This court ordered Richardson to file an amended brief because, in his
first brief, he failed to comply with requirements in the Texas Rules of
Appellate Procedure that briefs include citations to the record and to
authorities.  See Tex. R. App. P. 38.1(g), (i).  Richardson then filed
an amended brief, in which he raised a single issue asserting that he is
entitled to due process of law regarding the disposition of his property.  He
complained that prison officials did not follow prison regulations regarding the
documentation and storage of an offender’s confiscated personal property,
resulting in the loss of his gloves.

            Chapter 14 of the Texas Civil
Practice and Remedies Code governs inmate litigation.  See Tex. Civ.
Prac. & Rem. Code §§ 14.001—.014.  We review
a trial court’s Chapter 14 dismissal of an inmate’s claims under an abuse of discretion
standard.  Retzlaff v. Tex. Dep’t of Crim. Justice, 94 S.W.3d 650, 654
(Tex. App.—Houston [14th Dist.] 2002, pet. denied).  A trial court has broad
discretion to dismiss an inmate’s suit if it finds that the claim asserted is
frivolous or malicious.  Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th
Dist.] 1996, writ denied).  A trial court abuses this broad discretion if it
acts arbitrarily, capriciously, or without reference to any guiding rules or
principles.  Id.  

Chapter 14 imposes several procedural requirements before
an inmate may bring a lawsuit without paying filing fees.  See Tex. Civ.
Prac. & Rem. Code §§ 14.002(a), 14.004, 14.005.  A failure to fulfill these
procedural requirements will result in dismissal of the inmate’s suit.  See
Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.—San Antonio, 2002 pet.
denied). 

One such procedural requirement is that the inmate
must properly exhaust his administrative remedies by completing the internal
TDCJ grievance process before filing a lawsuit.  Tex. Civ. Prac. & Rem. Code
§ 14.005; Leachman v. Dretke, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth
2008, no pet.).  The trial court must dismiss the suit if the inmate’s claim is
subject to the grievance system and “the inmate fails to file the claim before
the 31st day after the date the inmate receives the written decision from the
grievance system.”  Tex. Civ. Prac. & Rem.Code § 14.005(b).

The Texas Government Code provides an administrative
remedy to compensate inmates for property lost or damaged by prison officials.  See
Tex. Gov’t Code §§ 501.007—.008.  Therefore, Richardson was required to
exhaust his remedies through the grievance process before he could seek
judicial review.  See Tex. Civ. Prac. & Rem. Code § 14.005(a); Tex.
Gov’t Code Ann. § 501.008(d) (providing that an inmate may not file a claim in
state court until the inmate has received a written decision issued by the
highest authority provided for in the grievance system, or the 180th day after
the grievance is filed if no decision is received).  A claim has no arguable
basis in law if the inmate has failed to exhaust his administrative remedies.  Retzlaff
v. Tex. Dep’t of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.—Houston
[14th Dist.] 2002, pet. denied). 

            Section
14.005 provides that an inmate who files suit on a claim subject to the
grievance system must file an affidavit or unsworn declaration stating the date
that the grievance was filed and the date the written decision was received by
the inmate.  Tex. Civ. Prac. & Rem.Code § 14.005(a).  In addition, the
inmate must provide a copy of the written grievance decision.  Id.  These
requirements are necessary to establish that the inmate has exhausted his
administrative remedies and filed his claim within the requisite time period.  See
Garrett v. Borden, 283 S.W.3d 852, 853 (Tex. 2009).

            If
an inmate does not strictly comply with subsection 14.005(a), a trial court
does not abuse its discretion in dismissing the claim.  See Hamilton v.
Williams, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied)
(holding appellate court may affirm dismissal for failure to exhaust
administrative remedies).

In this case, Richardson did not file an affidavit
stating the date that a grievance was filed and the date he received the
decision.  Therefore, the trial court did not abuse its discretion in dismissing
Richardson’s suit on this basis.  Moreover, based on the copies attached to his
petition, it appears that both Richardson’s suit and his grievance were
untimely, as well.  Richardson alleges that his property was confiscated on
February 25, 2010.  He received written confirmation on March 17, 2010, that
his property was not located in the property room.  Richardson’s Step 1 grievance
was filed May 3, 2010, and it was denied the same date, with the notation,
“Grievable time period has expired.”  In response to his inquiry, the
investigator advised Richardson that he had 15 days after receipt of written
confirmation that the property was lost to file his grievance, and he failed to
do so.  See Wolf v. Tex. Dep’t of Crim. Justice, 192 S.W.2d 449, 450-51
(Tex. App.—Texarkana, pet. denied) (citing the Offender Orientation Handbook
requirement to file grievance within 15 days of incident).  He then
filed a Step 2 grievance dated May 12, 2010, but bearing a stamp dated May 28,
2010.  The Step 2 grievance was returned because Richardson’s Step 1 grievance had
been returned to him unprocessed.  Therefore, Richardson failed to exhaust his
administrative remedies.  See Leachman, 261 S.W.3d at 310-11 (holding
that inmate who filed a Step 1 offender grievance form, which was returned
unprocessed because it was not timely, and who then filed Step 2 offender
grievance form failed to exhaust his administrative remedies).  Richardson also
did not file this suit until October 11, 2010, over four months later.  The trial
court is required to dismiss a claim if the inmate fails to file suit before
the 31st day after the date the inmate receives a written decision from the
grievance system.  See Tex. Civ. Prac. & Rem. Code § 14.005 (b).  For
these reasons, we hold that the trial court did not abuse its discretion in
dismissing Richardson’s suit.  

We overrule Richardson’s sole issue and affirm the
trial court’s judgment.

 

PER CURIAM

 

 

Panel consists of Chief
Justice Hedges and Justices Syemore and Boyce.