**Affirmed and Memorandum Opinion filed March 8, 2012.**



**In The**

## Fourteenth Court of Appeals

————————————

**NO. 14-11-00103-CV**

————————————

**CHARLES ANTHONY ALLEN, Appellant**

**V.**

**GEORGE STEPHENSON, AUSTIN ETHEREDGE,
AND NATALIE ALFORD, Appellees**

**On Appeal from the 12th District Court
Grimes County, Texas
Trial Court Cause No. 31732**

## MEMORANDUM OPINION

Appellant Charles Anthony Allen appeals the dismissal of his suit under Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001-.014. We affirm.

Allen, an inmate confined at the Texas Department of Criminal Justice (TDCJ), filed suit *pro se* and *in forma pauperis,* complaining some of his personal property was destroyed during a unit-wide contraband search. Allen requested a declaratory judgment

and compensatory damages in the amount of the replacement costs of the items and punitive damages. Appellees answered Allen's petition and then moved to dismiss for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. The trial court dismissed Allen's suit without prejudice and Allen brought this appeal.

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001—.014. We review a trial court's Chapter 14 dismissal of an inmate's claims under an abuse of discretion standard. *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A trial court has broad discretion to dismiss an inmate's suit if it finds that the claim asserted is frivolous or malicious. *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). A trial court abuses this broad discretion if it acts arbitrarily, capriciously, or without reference to any guiding rules or principles. *Id.*

Chapter 14 imposes several procedural requirements before an inmate may bring a lawsuit without paying filing fees. *See* Tex. Civ. Prac. & Rem. Code §§ 14.002(a), 14.004, 14.005. A failure to fulfill these procedural requirements will result in dismissal of the inmate's suit. *See Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied).

One such procedural requirement is that the inmate must properly exhaust his administrative remedies by completing the internal TDCJ grievance process before filing a lawsuit. Tex. Civ. Prac. & Rem. Code § 14.005; *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.). The trial court must dismiss the suit if the inmate's claim is subject to the grievance system and "the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." Tex. Civ. Prac. & Rem.Code § 14.005(b).

The Texas Government Code provides an administrative remedy to compensate inmates for property lost or damaged by prison officials. *See* Tex. Gov't Code §§

2

501.007—.008.  Allen was required to exhaust his remedies through the grievance process before he could seek judicial review.  *See* Tex. Civ. Prac. & Rem. Code § 14.005(a); Tex. Gov't Code Ann. § 501.008(d) (providing that an inmate may not file a claim in state court until the inmate has received a written decision issued by the highest authority provided for in the grievance system, or the 180th day after the grievance is filed if no decision is received).  A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies.  *Retzlaff*, 94 S.W.3d at  653.

Section 14.005 provides that an inmate who files suit on a claim subject to the grievance system must file an affidavit or unsworn declaration stating the state that the grievance was filed and the date the written decision was received by the inmate.  Tex. Civ. Prac. & Rem.Code § 14.005(a).  In addition, the inmate must provide a copy of the written grievance decision.  *Id.*  These requirements are necessary to establish that the inmate has exhausted his administrative remedies and filed his claim within the requisite time period.  *See Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009).  If an inmate does not strictly comply with subsection 14.005(a), a trial court does not abuse its discretion in dismissing the claim.  *See Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied) (holding appellate court may affirm dismissal for failure to exhaust administrative remedies).

In this case, the record reflects Allen filed a Step 1 grievance on July 30, 2009, and a decision is dated September 3, 2009.  Allen filed a Step 2 grievance on September 11, 2009.  The decision is dated November 4, 2009.  The record does not contain an affidavit filed by Allen stating the date he received the decision on his grievance.  Allen filed suit on May 12, 2010.  Because the record does not reflect suit was filed before the 31st day after the date Allen received the written decision from the grievance system, it will not support a finding that the trial court abused its discretion in dismissing Allen's suit.  *See* Tex. Civ. Prac. & Rem. Code § 14.005(b).

3

Accordingly, Allen's issues are overruled and the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Frost, Seymore, and Boyce.