**Affirmed and Memorandum Opinion filed September 6, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00254-CV

---

### WAYNE ERNEST BARKER, Appellant

### V.

### BRAD LIVINGSTON, Appellee

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12-CV-0204**

---

## M E M O R A N D U M     O P I N I O N

Appellant Wayne Ernest Barker, an inmate in the Texas Department of Criminal Justice, appeals the trial court's dismissal of his pro se petition for writ of mandamus. Appellant argues the trial court abused its discretion in dismissing his petition for writ of mandamus in accordance with Texas Civil Practice and Remedies Code chapter 14. We affirm.

## Background

On February 9, 2012, appellant filed a petition for writ of mandamus in the 405th District Court in Galveston County. Appellant alleged he had been assaulted by a prison employee while at the hospital in Galveston. Appellant requested the 405th District Court to order appellee to file a complaint about the assault with the District Attorney of Galveston County. On February 29, 2012, the trial court dismissed appellant's petition because it "has no basis in law or fact per Section 14.003 of the Texas Civil Practice and Remedies Code. Said Petition also does not comport with Section 14.004 of the Texas Civil Practice and Remedies Code."

## Standard of Review

We review the trial court's dismissal of an inmate's claims under Chapter 14 for an abuse of discretion. *Retzlaff v. Texas Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist .] 2002, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or its actions are arbitrary or unreasonable based on the circumstances of the particular case. *Id.* Appellant bears the burden of overcoming the presumption that the trial court's action was justified. *Id.*

## Chapter 14 of the Texas Civil Practice and Remedies Code

The trial court may dismiss an inmate suit before or after service of process if it determines the suit is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. §14.003(a)(2). In determining whether the suit is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because it arises from the same operative facts. *Id.* § 14.003(b).

Chapter 14 requires an inmate who files an affidavit or unsworn declaration of inability to pay costs to file a separate affidavit or declaration identifying all pro se

lawsuits the inmate had previously filed (except those filed under the Texas Family Code), specifying the operative facts for which relief was sought, the case name, the cause number, the court in which it was brought, the names of the parties, and the result of the suit, including whether it was dismissed as frivolous or malicious. *Id*. § 14.004(a). The trial court can determine, based on previous filings, whether the suit is frivolous because the inmate has already filed a similar claim. *Bell v. Texas Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Without information on appellant's previous lawsuits, the trial court is unable to consider whether appellant's current claim is substantially similar to a previous claim. *Id.*

A review of the record reflects that although appellant filed an affidavit of poverty and a motion for leave to proceed in forma pauperis, he did not file an affidavit or declaration identifying all pro se lawsuits he has previously filed. When an inmate does not comply with the affidavit requirement of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, is frivolous. *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Thus, because appellant did not meet the affidavit requirement of section 14.004, the trial court was entitled to assume this case was substantially similar to one previously filed by appellant and dismiss his claims.

Appellant argues that his petition for writ of mandamus does not fall within the scope of chapter 14 and should not have been dismissed for noncompliance with it. Chapter 14 applies "only to a suit brought by an inmate in a district court, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a); *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Chapter 14 applies to all civil causes of action other than those brought under the Family Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(b). Section 14.001(1) of chapter 14 defines a claim as "a cause of action governed by this chapter." *Id*. at § 14.001(1). Thus, any claim brought by an inmate in a suit in a district court, justice of the peace, or small

3

claims court and accompanied by a declaration of inability to pay costs is governed by chapter 14. *Id.* at § 14.002(a).

Appellant contends that an original proceeding is not a "suit" for purposes of chapter 14. An action for writ of mandamus initiated in the trial court is a civil action subject to appeal as any other lawsuit. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n. 1 (Tex. 1991). Thus, an original proceeding is a suit for purposes of chapter 14. *Jaxson v. Morgan*, No. 14–04–00785–CV, 2006 WL 914199, at *1 (Tex. App.—Houston [14th Dist.] Apr. 6, 2006, no. pet.) (mem.op.)

Appellant, an inmate, brought this suit in district court, seeking to proceed in forma pauperis. Thus, chapter 14 applies if the claims in appellant's suit are for civil causes of action that do not arise under the Family Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(b). Here, appellant filed a petition for writ of mandamus asking the district court to order appellee to file a complaint with the District Attorney. This claim is civil in nature and does not arise under the Family Code. Thus, we conclude that appellant's petition for writ of mandamus is subject to the requirements of chapter 14. *See Jaxson*, 2006 WL 914199, at *1.

## Subject Matter Jurisdiction

A district court has mandamus jurisdiction only to enforce its own jurisdiction. Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.011; *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). A district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials absent an attempt by such officials to interfere with the district court's already pending jurisdiction. *Martinez*, 931 S.W.2d at 46.

The purpose of appellant's petition for writ of mandamus in the trial court was not to protect the trial court's jurisdiction, but to instigate litigation against appellee. *See Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59, 61 (Tex. 1958) (holding a district court must have actual jurisdiction of a matter if it seeks to enforce its jurisdiction by its

writ power); *Martinez*, 931 S.W.2d at 46. Therefore, the trial court did not have subject matter jurisdiction to order the relief requested in appellant's petition for writ of mandamus. *See* Tex. Gov't Code Ann. § 24.011; *Winfrey*, 318 S.W.2d at 61; *Martinez*, 931 S.W.2d at 46. Thus, the trial court lacked subject matter jurisdiction to order the relief sought, and the trial court appropriately dismissed appellant's petition for writ of mandamus. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b).

## Conclusion

The trial court appropriately dismissed appellant's petition for writ of mandamus under sections 14.003 and 14.004 of the Texas Civil Practice and Remedies Code. We affirm the trial court's dismissal.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and McCally.

5