# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00242-CV

**Billy Ross Sims, Appellant**

**v.**

**Jennifer Smith and Celia Turner, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-10-000102, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Billy Ross Sims, an inmate in the Texas Department of Criminal Justice's Institutional Division, appeals pro se from the district court's order granting the plea to the jurisdiction of appellees Jennifer Smith and Celia Turner. We affirm the district court's order.

## BACKGROUND

Sims filed a petition for writ of mandamus in the district court against Smith and Turner in their official capacities. Smith was employed as a supervisor of the Mail System Coordinators Panel and a member of the Director's Review Committee in Huntsville, Texas, and Turner was a mail room supervisor in the Powledge Unit mail room. Sims alleged that Smith and Turner improperly handled and withheld mail addressed to him from U.S. Mint Green, a company that Sims contacted to locate a lost relative, and that they impaired his contract with the company. Appellees withheld the addresses of three individuals that were included in the mail. Sims

contended that, by withholding this information, appellees violated Article I, sections 16 and 29 of the Texas Constitution and the "First Amendment [of the United States Constitution] right to be free from unreasonable censorship." *See* U.S. Const. amend. I; Tex. Const. art. I, §§ 16 (prohibiting "any law impairing the obligation of contracts"), 29 (voiding laws contrary to "this 'Bill of Rights'"). He asked the district court to order "the reversal of the denial of the contents illegally denied" and "that they deliver the correspondence from U.S. Mint Green addresses to him."

Appellees filed a plea to the jurisdiction based on lack of standing. Appellees contended that Sims lacked standing because Sims already had received the addresses at issue, mooting his claims. Appellees attached evidence to support their plea, including copies of envelopes showing that Sims mailed letters to the addresses and a letter from Sims to "John." In the letter, Sims acknowledges that he had the addresses. Following a hearing, the district court granted the plea. This appeal followed.[1]

## ANALYSIS

As an initial matter, we note that a district court's mandamus jurisdiction is limited to the enforcement of its own jurisdiction. *See* Tex. Const. art. V, § 8 ("District Court judges shall have the power to issue writs necessary to enforce their jurisdiction."); Tex. Gov't Code § 24.011 (authorizing district court judges to grant writs of mandamus "necessary to the enforcement of the

---

[1] Sims previously filed an appeal and a petition for writ of mandamus from the district court's proceedings. This Court dismissed the previous appeal for want of jurisdiction. *See Sims v. Smith*, No. 03-11-00004-CV, 2011 Tex. App. LEXIS 5008 (Tex. App.—Austin June 29, 2011, no pet.) (mem. op.). This Court also denied the petition for writ of mandamus. *See In re Sims*, No. 03-11-00507-CV, 2011 Tex. App. LEXIS 6982 (Tex. App.—Austin Aug. 26, 2011, orig. proceeding) (mem. op.).

court's jurisdiction"); *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ("A district court has mandamus jurisdiction only to enforce its own jurisdiction."). "A district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials." *Thaler*, 931 S.W.2d at 46; *see Barker v. Livingston*, No. 14-12-00254-CV, 2012 Tex. App. LEXIS 7635, at *6–7 (Tex. App.—Houston [14th Dist.] Sept. 6, 2012, no pet.) (per curiam) (mem. op.) (citing *Thaler* to support its conclusion that trial court did not have jurisdiction over inmate's petition for writ of mandamus). Thus, the district court lacked jurisdiction over Sims's claims that sought mandamus relief from the district court to exercise supervisory control over state prison officials.

We, however, must view a pro se inmate's pleadings "with liberality and patience." *See Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing, among other authority, *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980), for the principle that courts generally do not hold pro se inmates to "the stringent standards applied to formal pleadings drafted by attorneys"); *Brewer v. Collins*, 857 S.W.2d 819, 821 (Tex. App.—Houston [1st Dist.] 1993, no writ) (viewing pro se inmate petition "with liberality and patience"). Viewing the substance of Sims's petition under this standard, he also pleaded that he was seeking declaratory and injunctive relief for alleged constitutional violations by state officials. In this context, we consider Sims's issues.

In his first two issues, Sims contends that he "filed an oral motion for recusal" that the district court improperly denied without complying with rule 18a(f) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 18a(f) ("Regardless of whether the motion complies with this rule,

3

the respondent judge, within three business days after the motion is filed, must either: (A) sign and file with the clerk an order of recusal or disqualification; or (B) sign and file with the clerk an order referring the motion to the regional presiding judge."). He argues that the district court "lost jurisdiction once the oral motion for recusal was accepted by the [district judge] and without objection by opposing party," that the district judge's failure to comply with rule 18a(f) voided the district court's subsequent order on the plea to the jurisdiction, and therefore that this Court "has no jurisdiction to consider the merits of an appeal from a void judgment."

Here, Sims asserts only that he made an "oral motion for recusal" and bases his argument for recusal on the judge's rulings in the case. *See* Tex. R. Civ. P. 18a(a) (requiring motion to be filed with clerk of the court, verified, and to "assert one or more of the grounds listed in Rule 18b" and "not [ ] based solely on the judge's rulings in the case"). Sims also has not provided citation to the record or a reporter's record from the hearing in which he alleges that he orally sought recusal. *See In re A. V.*, 350 S.W.3d 317, 321 (Tex. App.—San Antonio 2011, no pet.) (noting that record did not contain "written motion or any record of the precise basis for the recusal"); *see also* Tex. R. App. P. 38.1(i) (requiring brief to contain appropriate citations to the record); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (citing, among other authority, *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978), for the principle that pro se litigants "must comply with applicable laws and rules of procedure"). Thus, we conclude that Sims has waived any complaint as to the district judge's alleged refusal to recuse and overrule his first two issues on this basis.

4

In his third issue, Sims challenges the district judge's ruling on appellees' plea to the jurisdiction. He contends that "Appellees presented a Plea to the Jurisdiction document that grossly misstated the facts, and obtained a favorable judgment by corruption, duress, and fraud on the court, and was based on claims that the party knew to be fraudulent." Sims contends that the evidence attached to appellees' plea was "stolen from TDCJ without proper discovery" and that the letter from him to "John" was "core work product" protected by rule 192 of the Texas Rules of Civil Procedure and rule 503 of the Texas Rules of Evidence. *See* Tex. R. Civ. P. 192 (permissible discovery); Tex. R. Evid. 503 (lawyer-client privilege). He also contends that he has standing because appellees failed to offer evidence that they mailed the addresses at issue as they alleged.

We review a plea questioning the trial court's subject matter jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the plaintiff's petition to determine whether the facts that were pled affirmatively demonstrate that subject matter jurisdiction exists. *Id*. We construe the pleadings liberally in favor of the plaintiff. *Id*. If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id*. (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)).

Here, appellees filed a plea to the jurisdiction challenging the existence of jurisdictional facts. They argued that Sims did not have standing because his claims were moot and presented evidence to support their argument. "For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (citing *United States v. Munsingwear, Inc*., 340 U.S. 36, 39 (1950)). "If a

5

controversy ceases to exist—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Id.* (citing, among other authority, *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see also Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied) ("A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy.").

Although he asserts that appellees acted improperly when they obtained the evidence attached to their plea, Sims fails to make appropriate citations to the record to support his assertions. *See* Tex. R. App. P. 38.1(i) (requiring appropriate citations to the record); *Amir-Sharif*, 243 S.W.3d at 856.[2] Thus, we conclude that he has waived this issue. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex.1994) (holding that appellate courts have discretion to deem issues waived due to inadequate briefing); *Winters v. Winters*, No. 03-09-00004-CV, 2010 Tex. App. LEXIS 6533, at *11–12 (Tex. App.—Austin Aug. 13, 2010, no pet.) (mem. op.) (concluding issue was waived because not adequately briefed).

---

[2] To the extent Sims relies on the affidavit attached to his brief to support his argument, we may not consider it. *See* Tex. R. App. P. 34.1; *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *Burke v. Insurance Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) (documents that are cited in brief and attached as appendices may not be considered by appellate courts if they are not formally included in record on appeal).

Further, even if we were to conclude that Sims did not waive this issue, he does not dispute that he received the addresses at issue.[3] Because the evidence was undisputed that Sims received these addresses, he lacks a legally cognizable interest in obtaining his requested injunctive or declaratory relief. *See Lara*, 52 S.W.3d at 184. He no longer faces the allegedly unconstitutional conduct about which he complains, and thus any prospective relief we might grant cannot help him. *See id*. His claims for injunctive and declaratory relief are therefore moot. Thus, we conclude that, even if he had preserved this issue, the district court properly granted appellees' plea to the jurisdiction. We overrule Sims's third issue.

## CONCLUSION

For these reasons, we affirm the district court's order granting the plea to the jurisdiction of appellees Jennifer Smith and Celia Turner.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: May 14, 2014

---

[3] For example, he states in his brief that he "had obtained these addresses by contracting with some other party separate from the litigation."